No. 82.—THE MACON & WESTERN R. R. Co. plaintiff in error, vs. MALINDA WINN, defendant in error.

[1.] If a collision happens at a crossing of a rail road and a public highway, and both parties are negligent, and the plaintiff, in the exercise of common care and caution, could have avoided the injury, he shall not be entitled to recover of the defendant, notwithstanding he also was in fault.

Action for damages, in Bibb Superior Court. Tried before Judge POWERS, November Term, 1855.

This action was brought by Malinda Winn, a minor, about 8 years of age, by her next friend, vs. The M. & W. R. R. for damages done to the plaintiff, by the engine and cars of defendant. It appeared, that plaintiff's mother and her four children were in a carriage drawn by two mules and driven by a negro man. That being near the crossing of the rail road, and hearing the cars, Mrs. Winn directed the negro to wait till the train passed. He said he could cross before it reached the spot, and endeavored to do so. When the carriage was immediately on the track, the mules became alarmed and refused to move. The engine ran over the carriage, killed the driver, the mules, three of the children, and fractured the skull of plaintiff; from which fracture, her right eye became smaller than the other, and she is disfigured for life. The evidence was conflicting, as to the engine runner making any effort to stop the train. A good deal of testimony was offered on either side. Counsel for the company,

requested the Court to charge, among other things, "That if the plaintiff and defendant are both found to be negligent, and the plaintiff could have avoided the effects of defendant's negligence in the use of ordinary diligence, and did not, then the defendant is not liable."

The Court said, "That it did not exactly comprehend the application sought to be made of this request. If plaintiff could have extricated himself from defendant's negligence at all, then he was not in fault at all; for whether on or off the road, he had a right to be there. But to apply it to this case, I take it to be a sound and reasonable rule of law, viz: If the Jury believe the negro was in fault in attempting to cross the track at that particular time, and that defendant was also in fault in his approach; and if they believe that the carriage, being on the track, could have been gotten off by the driver, or its inmates removed by ordinary diligence, and they did not, then there is no liability; and in fact, I should say, if they could have saved themselves by the utmost effort, and did not exert themselves, the defendant would not be liable. To this extent, this request is given in charge."

The charge as given, and the refusal to charge, are assigned as error.

The Jury found for the plaintiff a verdict for $7.000. A motion for a new trial, on the ground of excessive damages, was over-ruled; and this, also, is assigned as error.

Cole; Nisbet, for plaintiff in error.

E. Tracy, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Our judgment in this case is, that it was error in the Court not to have given the *third* charge, as requested by Counsel for the defendant; and that a new trial, on that ac-

count, should be granted. It contains, we think, the law which should control this case.

When the case of the *Macon & Western Rail Road Co. against Davis,* was before this Court last August, the great question then argued and decided was, to what degree of diligence the company was bound? The Circuit Judge had held, that the *utmost* diligence would alone excuse the company ; whereas, in the opinion of this Court, they were liable only for want of ordinary care. We went further, and held, that notwithstanding the plaintiff was not free from fault, still, if the defendants, in the exercise of due care, could have prevented the injury, they would be responsible. We adhere to that decision.

But the proposition is now made for the first time ; suppose the plaintiff, in the exercise of ordinary diligence, could have avoided the casualty, conceding there is fault on both sides, can there be a recovery ?

This Court held, in *Brannan vs. Mays,* (17 *Ga. Rep.* 136,) that notwithstanding the defendant was in fault, the plaintiff was not entitled to recover, if, in the exercise of ordinary diligence, he could have avoided the injury ; and that, too, where the plaintiff was wholly innocent : *A fortiori,* can he not recover, if he be at fault himself, provided he could, in the exercise of ordinary diligence, have escaped the mischief ? Is this sound law ?

In *Butterfield vs. Forester,* (11 *East.* 60,) Lord *Ellenborough* said : "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not, himself, use common and ordinary caution to be in the right." And the reported cases in support of this doctrine, are overwhelming. (*Flower vs. Adam,* 2 *Taunton,* 314 ; *Clay vs. Wood,* 5 *Esp.* 44; *Mayhew vs. Boyce,* 1 *Starkie's Rep.* 423; *Riddle vs. Merrimack Locks, &c.* 7 *Mass. Rep.* 183; *Lane vs. Crombie,* 12 *Pick.* 177 ; *Thompson vs. Bridgewater,* 7 *Pick,* 188 ; *Harlow vs. Hermiston,* 6 *Cowen,* 191; *Bush vs. Branierd,* 1 *Cowen,* 78; *Noyes vs. Morris,* 1 *Vermont,* 353; *Chaplin vs.*

*Hanes*, 3 *Carr & Payne*, 554; *Pluckwell vs. Wilson*, 5 *Ib.* 375; *Sutton vs. Clarke*, 6 *Taunton*, 29; *Jones vs. Boyce*, 1 *Starkie's Rep.* 493; *Wadsworth vs. Willan*, 5 *Esp. R.* 273; *Steele vs. Inland, Western Lock Navigation Co.* 2 *Johns. R.* 283; *Town of Lebanon vs. Olcott*, 1 *N. Hamp. Rep.* 339; 3 *M. & W.* 248; 10 *Ibid* 548–'9; 2 *Amer. R. W. Cas.* 114; 1 *M. & Cromp.* 20.) Many of these cases are cited in *Wheaten's Edition of Selwyn's Nisi Prius;* and the principle is adopted in the text, that to entitle the plaintiff to an action for damages for an obstruction, he must show that he acted with common and ordinary caution. And the same rule holds in cases of negligence, in the management of ships, whereby a loss accrues. (*Luxford vs. Large*, 5 *Carr & Payne*, 106; *Handayside vs. Wilson*, 3 *Ibid*, 528; *Vennall vs. Garner*, 1 *Crompt. & Mees.* 21.) The case of *Washburn vs. Tracy*, (2 *Chip.* 136,) is a strong case upon this point. There it was held, that "if but for the want of ordinary care in the plaintiff, in his use of the road, the injury would not have happened, the verdict should be for the defendant, notwithstanding he also was negligent."

*Spencer vs. the Utica & Schenectady Rail Road Company*, (5 *Barbour*, 337,) decides the precise question before us. In that case, it was held by the Supreme Court of New York, that in an action on the case against a rail road company, to recover damages for injuries sustained, in consequence of their negligently running their train of cars against the plaintiff's wagon, while he was crossing the rail road track, in order to warrant a recovery, it must appear that the defendant's agents were guilty of negligence, and that the plaintiff was, himself, free from negligence or fault.

And Mr. Justice *Gridley*, in delivering the opinion of the Court, says: "It was equally necessary for the plaintiff to establish the proposition, that he, himself, was without negligence, and without fault." This is a stern and unbending rule, which has been settled by a long series of adjudged cases, which we cannot over-rule if we would. (*Citing* 1

*Cowen's R.* 78; 6 *Hill,* 592; 19 *Wend. R.* 399; 6 *Cowen,* 189, 184, 191; *and* 5 *Hill,* 282.)

Indeed, the Circuit Judge admits the principle, but fell into the fatal error, as we conceive, of restricting the use of ordinary diligence, on the part of the plaintiff, to the point of time when the carriage was on the track, and when the driver seems, from the evidence, to have applied the whip vigorously to urge the mules forward, but in vain; whereas, he should have made it cover the whole transaction, from the commencement to the termination of the catastrophe.

The only authority which seems to be in opposition to the principle contained in *Brannan & Mays,* is contained in a short passage in *Buller's Nisi Prius, p.* 26, which is in these words: "If a man lay logs of wood cross a highway, though a person may, with care, ride safely by, yet, if, by means thereof, my horse stumble and fling me, I may bring an action." But the criticism of Chief Justice *Parker* upon this citation, shows that it is not repugnant to the principle of the great current of English and American cases, upon this subject. And that the meaning is, that notwithstanding a person using due care, may possibly pass the obstruction without injury, nevertheless, if one is injured, that is, if one who uses this care, does, by misfortune, suffer from the obstruction, he may recover. And the learned Judge further shows, that the cases cited by *Buller,* from *Cro. James and Carthew,* do not support his position, if he meant to say that a man might recover for an injury by an obstruction, without showing ordinary care on his part.

Is there any conflict between *Brannan & Mays,* and *The M. & W. R. R. Co. and Davis?* We do not perceive it. The two may, and do, well stand together. To illustrate, suppose the company and Mrs. Winn were both in fault, the rail road, in running at a speed beyond schedule time in approaching this crossing, and Mrs. Winn, in using a driver, who, from the use of liquor, or some other cause, refused to obey her command when she directed him to stop; and suppose the defendant could, but did not stop their train, to avoid

the collision, when they saw the carriage of the plaintiff approaching dangerously near, she using all proper diligence to prevent the contact. In that case, the decision in *The M. & W. R. R. Co. vs. Davis,* would have its effect; and the plaintiff would be entitled to recover. But again, let it be assumed that both are primarily negligent, as we have just stated, and the rail road puts forth all reasonable exertion to escape the disaster; but Mrs. Winn, observing no such care, madly rushes on to the collision. In this case, the ruling in *Brannan & Mays* would take effect, and the plaintiff could not recover.

Instead of repugnance, we see nothing but harmony. It is but the application of the same rule to both parties. It presents no impracticable issue to the Jury, but will work in every imaginable case justly and well. We believe it to be a useful and salutary principle, that in order to entitle a party to damages, he must not be directly nor indirectly the author of his own wrong. He must not voluntarily incur the injury of which he complains; and not to prevent it by ordinary care, is to court it.

In *Palmer vs. Barker*, (2 *Fairfield*, 338,) it was held, that where two persons are travelling with carriages in the road, and about to meet and pass each other, each is bound to pass to the right of the centre of the travelled road; and in so doing, to use ordinary care and diligence; and if one of them, by omitting this care and caution, be injured in his person or property, he is without remedy; and if he injure the other, he will be liable in damages.

Here are two roads crossing each other, the rail road and the public highway. The company have the exclusive right to use the rail road; every citizen has a right, in common, to travel the highway; each sees the other advancing, neither will stop, and a collision ensues; who is to blame? Common sense says both; and the law, in conformity with common sense, declares, that if both parties are equally in the wrong, neither can or ought to maintain an action against the other. The right of action does not depend upon which par-

ty happens to suffer. If persons *will* sow to the wind, they must expect to reap the whirlwind.

But suppose, again, that neither one is culpable; and take this case as an illustration, as it is presented by the testimony on each side, most favorable to the respective parties: The train is approaching a crossing, at the ordinary speed; the whistle is sounded; the driver of the carriage hearing the signal, makes a momentary halt; it is seen by Mr. Snow, the engineer; he reasonably concludes that the intention is, to wait till he passes; and under that impression, he drives ahead without attempting to take up or check the train; the quicker the transit, the shorter the detention of the travellers. In the meantime, however, the negro, contrary to the orders of his mistress, determines that he can pass ahead of the train, and pushes forward accordingly. He gets on the track, but the mules, paralyzed by fear, or for some other cause, obstinately refuse to proceed, and the direful calamity detailed in the record is the consequence. If this be the case made by the proof—I do not say, nor even intimate that it is—ought a common and unforeseen misfortune like this subject the more fortunate party to a verdict for damages?

Our conclusion then is, that if both parties are equally at fault, or neither are guilty, there can be no action; and that the right to sue lies between these two hypotheses. The innocent sufferer is always entitled to redress, as a matter of course, taking the term *innocent* in its broadest meaning. He who is most negligent, can never ask a Court for compensation; he who is least so, may or may not, according to the facts and circumstances of the case.

How is a collision of this sort distinguishable, in principle, from those which happen daily in our towns and cities, and upon our great thoroughfares? Two gentlemen in buggies having the same right to the use of the street or highway, strive to take the best track from the other, and one or both of them are overturned. Would the party who was the greatest sufferer, consider himself entitled to redress? Sup-

pose they were turning a sharp or rectangular corner, driving in opposite directions, and were upset, neither having the power to recede; would they not have to lie down under their misfortune? Such is the universal understanding of the country, as to the law of the road. And why should the case of a corporation be made to differ? Shall it be said that the steam-car, on account of its uncontrollable speed and power, requires super-added care in its management? The fact is admitted; but this very circumstance should induce greater caution and circumspection in those who approach them. This is the dictate of prudence.

Suppose the plaintiff in this case had stopped voluntarily on the road, and the disaster had happened; would it be contended, for a moment, that a right of action existed? If the driver, taking the chances, rushed there improvidently, and was unable to get off, why should the consequences be visited upon the other party? Had the result been different, and the train been thrown off, and the lives of many passengers lost, as was the case recently in New Jersey, from the wantonness of a fool-hardy doctor, how our sympathies would have been changed! And what a flood of indignation would have been poured upon the head of this reckless negro, whose temerity was, in all probability, produced by the bottle, which was found upon his person.

Courts must not permit themselves to be carried away by feeling in these cases, but endeavor to administer the law, firmly and fearlessly, in favor of, as well as against corporations. Our State is, unquestionably, mainly indebted to rail roads, for the proud pre-eminence which she occupies in the Union. And the patriotic and public spirited men who built these roads, have sacrificed too much already to be made the victims of a blind and vindictive policy. Many of them have been made bankrupts, while the wise and prudent, who rail at their privileges and their profits, refuse to invest a copper, or to touch even with the tip of their finger, the stock in these " *monopolies.*"