## ATLANTA RAILWAY & POWER COMPANY *v.* GASTON.

The evidence as to negligence was conflicting ; but.where there was testimony from which the jury could have found that both parties were in the exercise of ordinary care, and that the injury was the result of a casualty, it was error not to charge that the defendant could relieve itself of the statutory presumption by showing that neither party was to blame, and that the damage was the result of a pure accident.

Argued June 29, — Decided August 12, 1903.

Action for damages.    Before Judge Calhoun.    City court of Atlanta.    October 24, 1902.

*Payne & Tye,* for plaintiff in error.

J. C. Clarke and *Westmoreland Brothers,* contra.

LAMAR, J.    The plaintiff was injured in a collision between a street-car and his wagon, occurring at the intersection of two nar-

row streets. The court charged on the doctrine of comparative neg-
ligence, and also that "the defendant might relieve itself of the
statutory presumption by showing that its agents exercised all
proper care and diligence to avoid the injury; or that the damage
was caused by the negligence of the plaintiff; or that the plaintiff
could have, by the exercise of ordinary care, avoided the injury
caused by defendant's negligence; and on either or all of these
grounds the defendant may rest its defense." In this and the gen-
eral charge the judge omitted any statement as to the effect of find-
ing that the injury was occasioned by casualty where neither party
was at fault. The defendant in error insists that this omission does
not require the grant of a new trial, since there was no evidence
warranting a verdict that the injury was occasioned by an accident.
The plaintiff contended that he approached the track at a walk, in
the exercise of ordinary care, and failed to see the car because the
building on the corner intercepted the view; and further claimed
that the car approached at a high rate of speed without ringing the
gong. The testimony of the mortorman and several passengers
tended to show that the gong was rung, that the speed was proper,
that a lookout was kept, and that the plaintiff was driving at a
high rate of speed. There was therefore evidence from which the
jury could have found that the driver and the mortorman were both
in the exercise of ordinary care, and that both the car and the
wagon were being driven at a low rate of speed. If the jury had
so found, there would have been a clear case of injury resulting
from an accident in which neither party was to blame. It often
happens that both parties may have been in the right or both in
the wrong. But the mutual criminations and recriminations are
not necessarily exhaustive of the substantial issues raised by the
evidence, and as to which the jury must be instructed. Here it
could have found that neither was to blame; and that being true,
it was requisite to charge what would be the effect of such a
finding. The failure to so charge deprived the company of the
benefit of a substantial defense. When under the evidence there
are four ways in which the company might relieve itself of the
presumption raised by the statute, and the judge only charged as
to three, it was the equivalent of saying that the fourth method —
in this case an accident — would not relieve from the presumption;
and where the evidence was so conflicting, the failure so to charge

requires the grant of a new trial. It is unnecessary to consider the other assignments. *Judgment reversed. By five Justices.*