## ATLANTIC COAST LINE RAILROAD CO. *v.* TAYLOR.

1. As against a general demurrer the petition set forth a cause of action.
2. Whether a petition is divided into "orderly and distinct paragraphs numbered consecutively" is a matter which must be left largely to the discretion of the trial judge. There was no abuse of discretion in upholding the petition in the present case.
3. The charge as a whole was a full and fair exposition of the law of the case, and any error that may appear therein was not of such a character as to require a reversal of the judgment.
4. There was no error in the rulings on the admission of evidence.
5. The evidence, though conflicting on many of the material issues in the case, was sufficient to authorize the verdict, and the discretion the trial judge exercised in refusing to grant a new trial will not be controlled.

Submitted March 3, — Decided May 16, 1906.

Action for damages. Before Judge Griffin. City court of Valdosta. July 15, 1905.

Taylor sued the railroad company for damages. The allegations in his petition were, in substance, that on October 6, 1902, he was at the town of Naylor, and started from the north side of the main track of the defendant, where certain camp cars were located, in an oblique direction southeast, for the purpose of reaching a freight-train upon the west side, which at that time was slowly pulling into the south siding at that point. Before stepping over the main line of the track he looked east, the direction from which the freight-train taking the siding had just come. He did not look west, and when he had gone about fifteen steps he was struck by the engine of a train coming from that direction. The train which struck him was moving at a rapid rate of speed, going east. The defendant was negligent in running its trains through the town of Naylor, over a public-street crossing, without blowing the whistle or ringing the bell. The plaintiff was without fault. In an amendment it was alleged, that the town of Naylor was situated on both sides of the track of the defendant; that at the place where the accident occurred there were two side-tracks in addition to the main line; that the ground at this point is level, and for years it had been the custom and habit of individuals and the public, going from one part of the town to another, to walk over the tracks of defendant without regard to the one and only public-road crossing. This habit and usage was within the knowledge and without the disap-

proval of the defendant and its employees. Under the circumstances, it was the duty of the defendant to anticipate his presence, and to take proper measures to prevent injuries to him. It was also alleged that the engineer in charge of the train recklessly and wantonly ran the engine down upon the plaintiff while he was unconscious of its approach, without giving him any warning whatever. To the petition the defendant filed a general demurrer, and also a special demurrer upon the ground that the petition was not divided into orderly paragraphs. The demurrer was overruled, and the defendant excepted pendente lite. An answer was filed, denying all the material allegations of the petition respecting the defendant's negligence. A trial resulted in a verdict in favor of the plaintiff for $5,000; and the defendant assigns error upon the refusal to grant a new trial, and upon the exceptions pendente lite.

*Kay, Bennet & Conyers* and *Cranford & Walker,* for plaintiff in error. *J. L. Sweat, L. A. Wilson,* and *G. A. Whitaker,* contra.

COBB, P. J. (After stating the foregoing facts.) 1. As against a general demurrer the petition set forth a cause of action. *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644, and cit.; *Ga. R. Co.* v. *Cromer,* 106 *Ga.* 297; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026.

2. The question raised by the special demurrer, that the petition was not divided into orderly and distinct paragraphs, was addressed to the discretion of the trial judge. *Atlanta, Knoxville & Northern Ry. Co.* v. *Smith,* 119 *Ga.* 667. As was true in the case just cited, some of the paragraphs in the present case might well have been subdivided. Still we can not say that there was such a disregard of the provisions of the pleading act that the judge erred in upholding the petition as framed.

3. Error is assigned upon the following extract from the charge: "It is incumbent upon the company, when the injury is shown to have been inflicted by it, to overcome that presumption by the introduction of evidence for your consideration." This was an inaccurate statement of the law. The defendant may rely upon the evidence introduced by the plaintiff to overcome the presumption of negligence, if it tends to have that effect. We do not think, however, this inaccuracy is sufficient to require the granting of a new trial; for when the charge is read in its entirety, the jury could not have been misled.

Error is also assigned upon the following extract from the

charge: "If in this case you are satisfied that the plaintiff was entitled to recover, but are further satisfied that both parties are at fault, and the alleged injury was the fault of both, and you find that the plaintiff could not by ordinary care have avoided the alleged injury to himself occasioned by defendant's negligence, then, notwithstanding he may have been to some extent at fault, he would be entitled to recover, but the damages should be diminished by the jury in proportion to the amount of default attributable to him." We see no error in this charge. It is not subject to the objection made to the charge criticised in the case of *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 590 (4), and the charge in the case which that decision followed. In those cases the effect of the charge was to instruct the jury that there could be an apportionment of damages even if the plaintiff could have avoided the consequences of the negligence of the defendant by the exercise of ordinary care. The charge in the present case can not be subjected to this criticism. There were a number of other exceptions to extracts from the charge, but it is not necessary to refer to them in detail. Some of them were not subject to the objections set up in the assignments of error; and others, when considered in the light of the entire charge, contained nothing which was calculated to mislead the jury on any material issue in the case. The charge as a whole was a fair and full exposition of the law of the case, and any error that may appear therein was not of such character as to require a reversal of the judgment.

The jury were allowed to take to their room the 70th volume of the *Georgia Reports,* containing the mortality and annuity tables; and complaint is made that the court failed to caution them not to read any other portion of the book. There was no request to instruct the jury on this subject. In addition to this the judge, in the concluding portion of the charge, stated to the jury that they could use the tables contained in the book if they saw proper to do so, but the book was not before them "for any other purpose."

4. Complaint is made of the admission in evidence of a sketch of the place where the plaintiff was injured. No copy of this sketch is contained in the motion for a new trial or attached thereto. The motion recites that a copy is attached to the brief of the evidence. Following the repeated rulings of this court, this ground of the motion will not be considered.

The plaintiff had admitted that when he started from Valdosta to Naylor he purchased a bottle of whisky; and he was allowed to testify that the first person who got a drink out of it was the conductor of the train on which he went to Naylor on the morning of the injury, and that the conductor took another drink before he got to Naylor. This evidence was objected to, because it was irrelevant and calculated to prejudice the defendant's case. The defendant claimed that the plaintiff had a bottle of whisky on the morning of the injury, and its theory of the case was that the plaintiff was intoxicated when he was injured. The plaintiff, as stated, admitted having a bottle of whisky in his possession, but denied that he was intoxicated, or that he had drunk from the bottle. The bottle was produced, with a portion of the whisky gone; and it was competent for the plaintiff, in explanation of this fact, to show what disposition had been made of the contents of the bottle.

A witness was permitted to testify that the signs, "Railroad Crossing. Listen. Danger," are put up at public-road crossings by the railroad company, where wagons, buggies, and vehicles cross. The objection to this testimony was that a certified copy of the records of the court of ordinary was the best evidence as to the existence of a public road. There was no merit in this objection. See *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1004.

The foregoing refers to all of the exceptions to rulings on evidence which are insisted on in the brief.

5. The only remaining question is whether the evidence was sufficient to authorize the verdict. The town of Naylor was an unincorporated village of between two hundred and three hundred inhabitants. It was a regular station on the line of the defendant. There was a main line of railway and side-tracks at the station. The evidence was sufficient to establish that there was a public-road crossing over the track, but the injury did not occur at the crossing. It appeared that the inhabitants of the village were accustomed to cross the tracks of the company at various points within the village, near the station of the defendant; and while there was no positive evidence that the employees in charge of the train of the defendant knew of this custom, the evidence as to the habits of the inhabitants was of such a character that a jury would be fully authorized to find that such knowledge existed on the part of

the employees. If the jury found that such a custom existed, it was then a question for them to determine what ordinary diligence required of the company with reference to signals and the manner of approaching and running through the village. The evidence was conflicting as to the speed of the train. It was also conflicting as to whether the bell was tolled. There seems to be no claim that the whistle was sounded. At the time of the injury the engineer was not looking ahead, but had his attention directed towards the rear of the train, to see whether a switch had been cleared. It appeared that the engineer could not have seen the plaintiff if he had been looking ahead, on account of the plaintiff being so near to the front of the engine, the view being obstructed by the smoke-stack and other portions of the engine. The evidence was conflicting as to whether the plaintiff was warned by a signal from an employee of another train, as to the approach of this train. A verdict for the defendant would have been fully authorized, there being positive evidence that the injury resulted from the plaintiff's attempting to step upon the pilot of the engine as it approached him. This was, however, in terms contradicted by the plaintiff, who stated that he looked in the other direction for a train which he knew might be approaching, and that while his attention was diverted in this way, he was run down by the engine which inflicted the injury. The question of the negligence of the defendant and of the diligence of the plaintiff on the occasion were peculiarly for solution by the jury; and after a careful examination of the entire evidence in the case, which is voluminous, we are not prepared to say that the verdict is entirely unsupported by the evidence. This is one of those cases where the questions involved, in the first place, are to be left to the determination of the jury, and, in the second place, to the discretion of the trial judge. Only one error, in our opinion, was committed by the trial judge in his instructions, and that was not of such a character as to mislead the jury. There was no complaint that the verdict was excessive; and as the injury resulted in the loss of both feet of the plaintiff, of course this objection could not have been sustained if raised. We will not control the discretion of the trial judge, exercised in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*