# WRIGHTSVILLE AND TENNILLE RAILROAD COMPANY
## v. GORNTO.

1. In a suit to recover the value of a life alleged to have been destroyed by the negligence of the defendant, it is proper to prove what was the occupation of the deceased and the amount of money which he usually made, each year, in his business, in order to illustrate his earning capacity.

2. Where the trial judge, in his charge, informs the jury that the contentions of the parties made during the trial are so and so, it will, in the absence of a certificate by him to the contrary, be presumed that his statement of such contentions was correct.

3. If the court correctly instructs the jury as to the law applicable to the issues involved in the case, mere failure to "affirmatively" state the contentions of the parties as shown by the pleadings is not cause for a new trial.

4. Where, in a suit to recover damages for the homicide of a person killed upon a public railroad crossing by a train of the defendant company, the court charges the jury that if they believe that the railroad company was negligent and that the deceased by ordinary care and diligence could have avoided the consequences of such negligence, the plaintiff can not recover, it is not error to fail to charge that the deceased was under the duty of exercising ordinary and reasonable care and diligence before entering upon the railroad crossing, when such instruction is not requested in writing by the defendant.

5. There is no merit in an assignment of error that the court failed to charge the jury a certain principle of law, applicable to the case, when it appears that this principle was correctly given in charge to the jury.

6. In a case of the character indicated in the fourth headnote, it is not error to instruct the jury that if they find that, at the time of the occurrence in question, the train of the defendant company was not running on schedule time, they can take that circumstance into consideration in determining whether or not the deceased had reason to apprehend danger at such time.

7. Where the trial judge begins his instructions as to the law applicable to a particular issue in the case with the language, "Now, in this case I charge you that the plaintiff would not be entitled to recover, unless," etc., the use, in such connection, of the words "in this case" is not calculated to mislead the jury into believing that the only issue in the case is the one here referred to by the court, when in the same connection and in other portions of the charge the jury is correctly instructed as to other issues.

8. Upon the trial of an action of the character heretofore indicated, the court, in different portions of its charge, having read to the jury sections 2322 and 3830 of the Civil Code, subsequently instructed them: "If the deceased and the agents of the defendant company were both at fault, and the deceased may have in some way contributed to the injury which resulted in his death, but could not by the use of ordinary care

and diligence have avoided the consequences caused by the negligence of the defendant, the plaintiff may recover, even if you find that the deceased was negligent, but the amount of damages would be diminished in proportion to the amount of default attributable to the negligence of the deceased." *Held*, (*a*) that this charge did not instruct a recovery for the plaintiff even though the negligence of the deceased and that of the defendant company were equal, or that of the company was less than that of .the deceased; and (*b*) that in view of the instructions given as above stated, the failure to charge that if the negligence of the deceased and that of the. company were equal, the plaintiff could not recover, was not cause for a new trial, no request having been made to charge on the subject of equality of negligence.

9. The motion for a nonsuit was properly overruled, the verdict was amply supported by the evidence, and the court did not err in overruling the motion for a new trial.

Argued June 4,—Decided August 9, 1907.

Action for damages.   Before Judge Rawlings.   Johnson superior court.   September 7, 1906.

Elizabeth Gornto brought an action for damages against the Wrightsville & Tennille Railroad Company, for the alleged wrongful homicide of 'her husband, William C. Gornto.   The petition alleged that the plaintiff's husband was traveling in a wagon, drawn by a mule which he was driving, along a public thoroughfare within the city of Wrightsville, and while crossing defendant's railroad track, on and over a public crossing in such city, a passenger-train of the defendant company ran into his wagon, threw him out and killed him; and that he was without fault.  ·The specific acts of negligence alleged were: that the train was run over the crossing, which was on a public street of the city and constantly used by travelers, at a rapid and unusual rate of speed; that the engineer in charge of the train failed to give the signals. required by law for public crossings, and that he failed to check and keep checking the speed of the train, as required by law, in approaching said crossing.   The earning capacity and life expectancy of the deceased were set out.   The defendant denied the acts of negligence charged, denied that plaintiff's husband was without fault, and alleged that he "was then and there at fault and negligent, and guilty of such contributory negligence as [would] defeat any right to recover in said case;" and "that if the said William C. Gornto had then and there acted with that degree of care and caution which the law imposed upon him, he would have been able to avoid any and all injury to him, and the results of any act of

negligence upon the part of the defendant's agents and employees." At the close of the evidence for plaintiff the defendant moved for a nonsuit, which was refused, and the defendant excepted pendente lite. There was a verdict for plaintiff. The defendant moved for a new trial, which motion was overruled, and the defendant excepted, assigning error upon each of the rulings stated.

*Daley & Bussey,* for plaintiff in error.

*Hines & Jordan,* contra.

FISH, C. J. (After stating the facts.)  1.  A witness for the plaintiff testified, that he knew the deceased, who was a good farmer and cultivated about a two-horse farm, renting one of the farms most of the time and cultivating the other one-horse farm himself, and making from six to seven hundred dollars a year, and in good crop years about one thousand dollars. The defendant objected to the admission of this evidence, on the ground of irrelevancy, and that speculative earnings of farms, according to good or bad years, could not illustrate the earning capacity of the deceased. Clearly the objections were not well taken. It was proper to show that the deceased was a farmer and the amount he usually made in his business, in order to illustrate his earning capacity.

2.  In several of the grounds of the motion for a new trial complaint is made that the court erred in informing the jury that the plaintiff contended such and such to be true. It appears that the court was not referring to contentions set out in the petition, but evidently referred to contentions which arose during the trial and which were made in rebuttal to contentions made by the defendant. Where the judge in his charge informs the jury that the contentions made by the parties during the trial are so and so, it will, in the absence of a certificate by him to the contrary, be presumed that his statement of such contentions was correct. *Robinson* v. *State,* 109 *Ga.* 506 (5), 34 S. E. 1017. See also *Wilson* v. *Atlanta & Charlotte Ry. Co.,* 82 *Ga.* 386 (2), 9 S. E. 1076.

3.  Complaint was made that "the court erred in failing to affirmatively state to the jury a material contention under the defendant's plea, to wit: 'Answering further to plaintiff's cause of action, defendant says that the said William C. Gornto, the person for whose death the suit was brought, was not without fault or negligence on his part killed, but was then and there at fault and negligent, and guilty of such contributory negligence as will defeat

any right to recover in said case.'" As will be seen, the complaint is that the court did not *affirmatively* state this contention to the jury in the language of the defendant's plea. If the court, as it did in this case, correctly instructs the jury as to the law applicable to the issues involved, mere failure to formally state the contentions of the parties as shown by the pleadings is not cause for a new trial. See, in this connection, *Central R. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430).

4. Another ground of the motion was, that the court erred in failing to charge the jury, "that the deceased, William C. Gornto, was under the duty of exercising ordinary and reasonable care and diligence for his own protection at and before entering upon the railroad crossing; and that if they found from the evidence that if he so failed, it would be a question for them to find as to whether or not it amounted to negligence on his part and would operate to defeat a recovery." There was no merit in this ground, as the court did charge, "If the deceased could have avoided, by the exercise or ordinary care and diligence, the consequences of the railroad company's negligence, if you believe the railroad company was negligent, the plaintiff could not recover." The court several times, in the charge, repeated the substance of this instruction; and if the defendant desired more specific instructions to the effect that the deceased should have exercised ordinary care and diligence at or before entering upon the railroad crossing, a timely and appropriate written request should have been made therefor.

5. Nor was there any merit in the assignment of error, that the court, after instructing the jury as to the presumption of negligence arising against the defendant, upon proof of the homicide as alleged, failed to charge that if the defendant should show that it exercised all ordinary and reasonable care and diligence at the time of the casualty, the plaintiff could not recover. The court specifically instructed the jury that such presumption would be rebutted if the defendant showed that it exercised ordinary and reasonable care and diligence on the occasion in question.

6. The court instructed the jury: "If you find that the train of the defendant company, at the time, was not running on schedule time, you may take that into consideration in determining whether or not he [the deceased] had reason to apprehend danger

at the time of the occurrence." This was alleged to be error,. "because unsupported by the pleadings and contrary to law, and as imposing a more stringent rule against defendant than fixed by law." The criticism upon this charge we do not consider just. If the train was not on schedule time, surely this fact was a circumstance which the jury might properly consider in determining whether the husband of plaintiff, in approaching the crossing, had reason to apprehend danger.

7. Complaint was also made of the following instruction to the jury: "Now in this case I charge you, the plaintiff would not be entitled to recover unless it should appear that the deceased by ordinary care could not have avoided the consequences of the defendant's negligence, after such negligence had become apparent to the deceased, or if he had reason to apprehend that there was danger." The only exception to this charge referred' to in the brief of counsel for plaintiff in error is, "because the issue therein submitted was calculated to mislead the jury into believing it the only issue to be considered, as the court used, in stating the charge excepted to, the words 'in this case.' . . By using these words, the jury were restricted in the determination of the case to the sole issue charged in connection with the words 'in this case,' etc." In our opinion, this exception was not well taken, when other parts of the charge are considered in connection with the instruction which we are now considering. In the sentence next preceding the charge here excepted to, the court instructed the jury that while a widow may sue for the homicide of her husband, whatever would have been a good defense to an action brought by him for the injury, had he lived, would be a good defense to an action brought by her; and then the court proceeded, in the charge excepted to, to give, in effect, one of the instances in which the widow could not recover. Subsequently the court, in its instructions, gave the jury another instance in which the widow could not recover, viz.: if neither the deceased nor the railroad company were negligent, that is, if the injury was the result of a mere accident. And in another part of the charge the jury were instructed. that "No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." The charge was full and fair on all the issues in the case; and

that portion thereof with which we are now · dealing, when considered in connection with the whole charge, was not calculated to mislead the jury into believing that the only issue to be considered was whether or not the husband of the plaintiff could, by the use of ordinary care and diligence, have avoided the consequences of the defendant's negligence.

8. The court instructed the jury: "If the deceased and the agents of the defendant company were both at fault, and the deceased may⁺have in some way contributed to the injury which resulted in his death, but could not by the use of ordinary care and diligence have avoided the consequences caused by the negligence of the defendant, the plaintiff may recover, even if you find that the deceased was negligent, but the amount of the damages would be diminished in proportion to the amount of default attributable to the negligence of the deceased. In other words, if you believe that the railroad company was negligent and the deceased was negligent, but the deceased could not have avoided the consequences of the defendant's negligence by the exercise of ordinary and reasonable care and diligence, if you believe that to be the truth of the transaction, then I charge you the plaintiff in this case would be entitled to recover, but the amount of the recovery would be reduced by the amount of negligence ·attributable to the deceased, William Gornto." This charge was excepted to, "on the grounds that it instructs a recovery for the plaintiff in this case, provided both parties were negligent, regardless of the degrees of negligence attributable to them respectively; fails to require a finding of greater negligence on the part of defendant than the deceased to support a recovery; and because said charge confuses and mixes, without appropriate explanation, the principles of law contained in sections 2322 and 3830 of the Code, the same being charged in the same sentence and in the same breath." This instruction, in our opinion, is not justly subject to any of the criticisms made upon it. The court, in different portions of its charge to the jury, gave to them the following provisions of the Civil Code: "No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to

.the amount of default attributable to him." §2322. "If the plaintiff by ordinary care could have avoided the consequences to .himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, al-.though the plaintiff may in some way have contributed to the injuries sustained." §3830. It is, of course, proper, in a case of this character, to instruct the jury as to the principles of law contained in these two sections of the Civil Code, but, as has been often decided, the different rules contained in these two sections should not be so stated as to mislead the jury into believing that they would be authorized to find that the plaintiff, in an action for personal injuries against a railroad company, can recover when, by the use of ordinary care, he could have avoided the consequences to himself caused by the defendant's negligence (*Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105) ; *Macon Railway Co.* v. *Streyer,* 123 *Ga.* 279 (51 S. E. 342) ) ; for if such is the case, the plaintiff can not recover. In *Luckie's* case, supra, Mr. Justice Lumpkin, in delivering the opinion, said that if the trial judge had instructed the jury as follows : "'But if both parties were at fault, and the alleged injury was the result of the fault of both, *and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendant's negligence,* then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be apportioned, etc.,' the charge would have been correct, because it would have fully met all the requirements of the sections referred to.'" It will be noticed that the instructions in the present case followed, almost literally, what the court in *Luckie's* case said would be a correct charge on the principles contained in these two sections of the Civil Code. See also the charge approved in *Atlantic Coast Line Railroad Company* v. *Taylor,* 125 *Ga.* 454 (3), 54 S. E. 622. It is clear that the instructions complained of were not calculated to confuse and mislead the jury; nor did the charge instruct a recovery, provided both parties were negligent, regardless of the degree of negligence attributable to each, nor fail to require a finding of greater negligence on the part of the defendant than on the part of the deceased to support a recovery. The general legal principles as to the right of the plaintiff to recover in a case of this

character are contained in the two sections of the Civil Code above quoted, viz.: No person shall recover damages for an injury to himself where the same is done by his own consent or caused by his own negligence. If plaintiff and defendant were both at fault, the plaintiff may recover, provided that by the use of ordinary care on his part he could not have avoided the consequences to himself caused by the defendant' negligence, but his damages shall be diminished in proportion to the amount of default attributable to him. When the court correctly gives to the jury these general principles, applicable to the case, it can not fairly be said that such instructions are tantamount to telling the jury to find for the plaintiff, where both parties are at fault, regardless of the degree of negligence attributable to each. If the defendant desired a specific instruction, to the effect that if the negligence of the deceased and that of the defendant were equal, or if the negligence of the deceased exceeded that of defendant, the plaintiff could not recover, then an appropriate written request to so charge should have been made; and the mere failure of the court to thus charge, in the absence of such a request, was not cause for a new trial. Where the general charge of the court upon a certain subject is correct, if more specific instructions are desired upon the question, they should be requested. 7 Michie Enc. Dig. Ga. Rep. 619, and cit. It has been held by this court, that if in an action for damages for personal injuries, alleged to have been caused by the defendant's negligence, the law in regard to negligence and its effect, both as respects the plaintiff and the defendant, be substantially given in charge to the jury, the mere failure to instruct as to the doctrine of contributory negligence is not cause for a new trial. *Southern Ry. Co.* v. *Coursey,* 115 *Ga.* 602, and cit.

Counsel for plaintiff in error cite the case of *Brunswick & Western R. Co.* v. *Wiggins,* 113 *Ga.* 842 (39 S. E. 551, 61 L. R. A. 513), to sustain the contention that the charge complained of in the present case amounted to an instruction to the jury to find for the plaintiff, if her husband and the railroad company were equally at fault. The ruling in the case cited does not sustain this contention. In that case, "after instructing the jury that no person should recover damages from a railroad company for injury to himself or property, where the same is done by his consent or because of his negligence, and that if the deceased and the

agents of the company were both negligent the plaintiff might recover damages, but they might be diminished by the jury in proportion to the amount of default attributable to him, the court charged as follows: 'If the plaintiff himself was guilty of negligence, and the railroad company was guilty of negligence, then you may take into consideration the amount of negligence on each side; if the deceased was guilty of negligence, you may then diminish the recovery which the widow would be entitled to in proportion to the default of the defendant to that of the deceased.'" This court ruled, that, "Without further explanation, this charge was error. Under it, if the jury believed that both the company and the deceased were equally negligent, then they could still find for the plaintiff." The difference between the instructions there given and those given in the present case is, that in the present case the instructions were, "If the deceased and the agents of the defendant company were both at fault, and the deceased may have in some way contributed to the injury which resulted in his death, but could not by the use of ordinary care and diligence have avoided the consequences caused by the negligence of the defendant, the plaintiff may recover, but the amount of damages would be diminished in proportion to the amount of default attributable to the negligence of the deceased." As we have already shown, this charge was, under previous decisions of this court, a correct statement of the provisions of the Civil Code, §§ 2322, 3830, and, therefore, could not be fairly subject to the criticism that it was tantamount to charging that if the deceased and the company were equally negligent, the plaintiff could recover. The doctrine that if both parties are equally in the wrong, neither can maintain an action against the other, has been recognized by this court as early as *Macon & Western Railroad Co.* v. *Winn,* 19 *Ga.* 445, but it has never been codified in express terms. We think, however, that it is recognized in the provisions of §§ 2322 and 3830 of the Civil Code, when they are properly construed in pari materia. In the *Wiggins* case, supra, the charge held to be error did not in any way refer to the rule that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover" (§ 3830), but was so framed as to con-

vey to the jury the impression that if they believed that both the company and the person injured were equally negligent, the plaintiff could recover.

In reaching our conclusion that the exception to the charge in the present case was not well taken, we have not overlooked the case of *Atlanta Railway & Power Co.* v. *Gaston,* 118 *Ga.* 418 (45 S. E. 508), where the court charged on the doctrine of comparative negligence, and also that "the defendant might relieve itself of the statutory presumption by showing that its agents exercised all proper care and diligence to avoid the injury; or that the damage was caused by the negligence of the plaintiff; or that the plaintiff could have, by the exercise of ordinary care, avoided the injury caused by defendant's negligence; and on either or all of these grounds the defendant may rest its defense." It was held that as there was evidence from which the jury could have found that both parties were in the exercise of ordinary care, and that the injury was the result of an accident, it was error for the court, when in its charge it undertook to enumerate the various grounds of defense which the defendant could set up to relieve itself from the statutory presumption of negligence arising from proof of the injury by the running of its cars, to omit from such enumeration the ground of defense that the injury was the result of a casualty. In the opinion it was said: "When under the evidence there are four ways in which the company might relieve itself of the presumption raised by the statute, and the judge only charged as to three, it was the equivalent of saying that the fourth method —in this case an accident—would not relieve from the presumption." The headnote in that case, when considered in connection with what is said in the opinion as to the exact point decided and the reasons therefor, contains nothing which, even by implication, is in conflict with the ruling in the present case.

9. The motion for a nonsuit was properly overruled, the verdict was amply supported by the evidence, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*