Fish, C. J.
(After stating the facts.) 1. A witness for the plaintiff testified, that he knew the deceased, who was a good farmer and cultivated about a two-horse farm,' renting one of the farms most of the time and cultivating the other one-horse farm himself, and making from six to seven hundred dollars a year, and in good crop years about one thousand dollars. The defendant objected to the admission of this evidence, on the ground of irrelevancy, and that speculative earnings of farms, according to good or bad years, could not illustrate the earning capacity of the deceased. Clearly the objections were not well taken. It was proper to show that the deceased was a farmer and the amount he usually made in his business, in order to illustrate his earning capacity.
2. In several of the grounds of the motion for a new trial complaint is made that-the court erred in informing the jury that the plaintiff contended such and such to be true. It appears that the court was not referring to contentions set out in the petition, but evidently referred to contentions which arose during the trial and which were made in rebuttal to contentions made by the defendant. Where the judge in his charge informs the jurjr that the contentions made by the parties during the trial are so and so, it will, jn the absence of a certificate by him to the contrary, be presumed that his statement of such contentions was correct. Robinson v. State, 109 Ga. 506 (5), 34 S. E. 1017. See also Wilson v. Atlanta & Charlotte Ry. Co., 82 Ga. 386 (2), 9 S. E. 1076.
3. Complaint was made that “the court erred in failing to affirmatively state to the jury a material contention under the defendant’s plea, to wit: Answering further to plaintiff’s cause of action, defendant says that the said William C. Gornto, the person for whose death the suit was brought, was not without fault or negligence on Pis part killed, but was then and there at fault and negligent, and guilty of such contributory negligence as will defeat *207 any right to recover in said case.’ ” As will be seen, the complaint is that the court did not affirmatively state this contention to the jury in the language of the defendant’s plea. If the court, as it did in this case, correctly instructs the jury as to the law applicable to the issues involved, mere failure to formally state the contentions of the parties as shown by the pleadings is not cause for a new trial. See, in this connection, Central R. Co. v. McKinney, 118 Ga. 535 (45 S. E. 430).
4. Another ground of the motion was, that the court erred in failing to charge the jury, “that the • deceased, William C. <Gornto, was under the duty of exercising ordinary and reasonable care and diligence for his own protection at and before entering upon the railroad crossing; and that if they found from the evidence that if he so failed, it would be a question for them to find ns to whether or not it amounted to negligence on his part and would operate to defeat a recovery.” There was no merit in this ground, as the court did charge, “If the deceased could have avoided, by the exercise or ordinary care and diligence, the con sequences of the railroad company’s negligence, if you believe the railroad company was negligent, the plaintiff could not recover.” The court several times, in the charge, repeated the substance of this instruction; and if the defendant desired more specific instructions to the effect that the deceased should have exercised ordinary care and diligence at or before entering upon the railroad crossing, a timely and appropriate written request should have been made therefor.
5. Nor was there’any merit in the assignment of error, that the court, after instructing the jury as to the presumption of negligence arising against the defendant, upon proof of the homicide ns alleged, failed to charge that if the defendant should show that it exercised all ordinary and reasonable care and diligence at the time of the casualty, the plaintiff could not recover. The court specifically instructed the jury that such presumption would be rebutted if the defendant showed that it exercised ordinary and reasonable care and diligence on the occasion in question.
6. The court instructed the jury: “If yorz find that the train of the defendant company, at the time, was not running on schedule time, you may take that into consideration in determining whether or not he [the deceased] had reason to apprehend danger *208 at the time of the occurrence.” This was alleged to be error,, “because unsupported by the pleadings and contrary to law, and as imposing a more stringent rule against defendant than fixed by law.” The criticism upon this charge we do not consider just. If the train was not on schedule time, surely this fact was a circumstance which the jury might properly consider in determining whether the husband of plaintiff, in approaching the crossing, had reason to apprehend danger.
7. Complaint was also made of the following instruction to the jury: “Now in this case I charge you, the plaintiff would not be entitled to recover unless it should appear that the deceased by ordinary care could not -have avoided the consequences of the defendant’s negligence, after such negligence had become apparent to the deceased, or if he had reason to apprehend that there was danger.” The only exception to this charge referred" to in the brief of counsel for plaintiff in error is, “because the issue therein submitted was calculated to mislead the jury into believing it the only issue to be considered, as the court used, in stating the charge excepted to, the words “In this case.’ . . By using these words, the jury -were restricted in the determination of the case to the sole issue charged in connection with the words dn this ease,’ etc.” In our opinion, this exception was not well taken, when other parts of the charge are considered in connection with the instruction which we are now considering. In the sentence next preceding the charge here excepted to, the court instructed the jury that while a widow .may sue for the homicide of her husband, whatever would have been a good defense to an action brought by him for the injury, had he lived, would be a good defense to an action brought by her; and then the court proceeded, in the charge excepted to, to give, in effect, one of the instances in which the widow could not recover. Subsequently the court, in its instructions, gave the jury another instance in which the widow could not recover, viz.: if neither the deceased nor the railroad company were negligent, that is, if the injury was the result of a mere accident. And in another part of the charge the jury were instructed, that “No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence.” The charge was full and fair on all the issues in the case; and *209 that portion thereof with which we are now ■ dealing, when considered in connection with the whole charge, was not calculated to mislead the jury into believing that the only issue to be considered was whether or not the husband of the plaintiff could, by the use of ordinary care and diligence, have avoided the consequences of the defendant’s negligence.
8. The court instructed the jury: “If the deceased and the agents of the defendant company were both at fault, and the deceased may*have in some way contributed to the injury which resulted in his death, but could not by the use of ordinary care and diligence have avoided the consequences caused by the negligence of the defendant, the plaintiff may recover, even if you find that the deceased was negligent, but the amount of the damages would be diminished in proportion to the amount of default attributable to the negligence of the deceased. In other words, if you believe that the railroad company was negligent and the deceased was negligent, but the deceased could not have avoided the consequences of the defendant’s negligence by the exercise of ordinary and reasonable care and diligence, if you believe that to be the truth of the transaction, then I charge you the plaintiff in this case would be entitled to recover, but the amount of the recovery would be reduced by the amount of negligence -attributable to the deceased, William Gornto.” This charge was excepted to, “on the grounds that it instructs a recovery for the plaintiff in this ease, provided both parties were negligent, regardless of the degrees of negligence attributable to them respectively; fails to require a finding of greater negligence on the part of defendant than the deceased to support a recovery; and because said charge confuses and mixes, without appropriate explanation, the principles of law contained in sections 232B and 3830 of the Code, the same being charged in the same sentence and in the same breath.” This instruction, in our opinion, is not justly subject to any of the criticisms made upon it. The court, in different portions of its charge to the jury, gave to them the following provisions of the Civil Code: “No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall he diminished by the jury in proportion to *210 the amount of default attributable to him.” §2322. “If the plaintiff by ordinary care could have avoided the consequences to •himself caused by the defendant’s negligence, he is not entitled, to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injuries sustained.” §3830. It-is, of course, proper, in a case of this character, to instruct the jury as to the principles of law contained in these two sections of the Civil Code, but, as has been often decided, the different rules contained in these two sections should not be so stated as to mislead the jury into believing that they would be authorized to find that the plaintiff, in an action for personal injuries against a railroad company, can recover when, by the use of ordinarjr care, he could have avoided the consequences to himself caused by the defendant’s negligence (Americus, Preston & Lumpkin R. Co. v. Luckie, 87 Ga. 6 (13 S. E. 105); Macon Railway Co. v. Streyer, 123 Ga. 279 (51 S. E. 342)); for if such •is the case, the plaintiff can not recover. In Luclde’s case, supra, Mr. Justice Lumpkin, in delivering the opinion, said that if the trial judge had instructed the jury as follows: “'But if both parties were at fault, and the alleged injury was the result of the fault of both, and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendants negligence, then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be apportioned, etc.,’ the charge would have been correct, because it would have fully met all the requirements of the sections referred to:” It will be noticed that the instructions in the present case followed, almost literally, what the court in Luclde’s case said would be a correct charge on the principles contained in these two sections of the Civil Code. See also the charge approved in Atlantic Coast Line Railroad Company v. Taylor, 125 Ga. 454 (3), 54 S. E. 622. It is clear that the instructions complained of were not calculated to confuse and mislead the jury; nor did the charge instruct a recovery, provided both parties were negligent, regardless of the degree of negligence attributable to each, nor fail to require a finding of greater negligence on the part of the defendant than on the part of the deceased to support a recovery. The general legal principles as to the right of the plaintiff to recover in a case of this *211 character are contained in the two sections of the Civil Code above ■quoted, viz.: No person shall recover damages for an injury to himself where the same is done by his own consent or caused by his own negligence. If plaintiff and defendant were both at fault, the plaintiff may recover, provided that by the use of ordinary care on’ his part he could not have avoided the consequences to himself caused by the defendant’ negligence, but his damages shall be diminished in proportion to the amount of default attributable to him. When the court correctly gives to the jury these general principles, applicable to the case, it can not fairly be said that such instructions are tantamount to telling the jury to find for the plaintiff, where both parties are at fault, regardless of the degree of negligence attributable to each. If the defendant desired a specific instruction, to the effect that if the negligence of the deceased ■and that of the defendant were equal, or if the negligence of the deceased exceeded that of defendant, the plaintiff could not recover, then an appropriate written request to so charge should have been made; and the mere failure of the court to thus charge, in the absence of such a request, was not cause for a new trial. Where the general charge of the court upon a certain subject is correct, if more specific instructions are desired upon the question, they should be requested. 1 Michie Enc.. Dig. Ga. Rep. 619, and cit. It has been held by this court, that if in an action for damages for personal injuries, alleged to have been caused by the defendant’s negligence, the law in regard to negligence and its effect, both as respects the plaintiff and the defendant, be substantially given in charge to the jury, the mere failure to instruct' as to the doctrine of contributory negligence is not cause for a new trial. Southern Ry. Co. v. Coursey, 115 Ga. 602, and cit.
Counsel for plaintiff in error cite the case of Brunswick & Western R. Co. v. Wiggins, 113 Ga. 842 (39 S. E. 551, 61 L. R. A. 513), to sustain the contention that the charge complained of in the present case amounted to an instruction to the jury to find for the plaintiff, if her husband and the railroad company were equally at fault. The ruling in the case cited does not sustain this contention. In that case, "after instructing the jury that no person should recover damages from a railroad company for injury to himself or property, where the same is done by his consent or because' of his negligence, and that if the deceased and the *212 agents of the company were both negligent the plaintiff might recover damages, but they might be diminished by the jury in proportion to the amount of default attributable to him, the court charged as follows: ‘If the plaintiff himself was guilty of negligence, and the railroad company was guilty of negligence,, then you may take into consideration the amount of negligence on each side; if the decéased was guilty of negligence, you. may then diminish the recovery which the widow would be entitled to in proportion to the default of the defendant to that of the deceased.’” This court ruled, that, “Without further explanation, this charge was error. Under it, if the jury believed that both the company and the deceased were equally negligent, then they could still find for the plaintiff.” The difference between the instructions there given and those given in the present case is, that in the present case the instructions were, “If the deceased and the agents of the defendant company were both at fault, and the deceased may have in some way contributed to the injury which resulted in his death, but could not by the use of ordinary care and diligence have avoided the consequences caused by the negligence of the defendant, the plaintiff may recover, but the amount of damages would be diminished in proportion to the amount of default attributable to the negligence of the deceased.” As we have already shown, this charge was, under previous decisions of this court, a correct statement of the provisions of the Civil Code, §§2322, 3830, and, therefore, could not be fairly subject to the criticism that it was tantamount to charging that if the deceased and the company were equally negligent, the plaintiff could recover. The doctrine that if both parties are equally in the wrong, neither can maintain an action against the other, has been recognized by this court as early as Macon & Western Railroad Co. v. Winn, 19 Ga. 445, but it has never been codified in express terms. We think, however, that it is recognized in the provisions of §§2322 and 3830 of the Civil Code, when they are properly construed in pari materia. In the Wiggins case, supra, the charge held to be error did not in any way refer to the rulé that “if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant’s negligence, he is not entitled to recover” (§3830), but was so framed as to con *213 vey to the jury the impression that if they believed that both the compan3r and the person injured were equally negligent, the plaintiff could recover.
In reaching our conclusion that the exception to the charge in the present case was not well taken, we have not overlooked the ease of Atlanta Railway & Power Co. v. Gaston, 118 Ga. 418 (45 S. E. 508), where the court charged on the doctrine of comparative negligence, and also that “the defendant might relieve itself of the statutory presumption by showing that its agents exercised .all proper care and diligence to avoid the injury; or that the damage was caused by the negligence of the plaintiff; or that the plaintiff could have, by the exercise of ordinary care, avoided the injury caused by defendant’s negligence; and on either or all of these grounds the defendant may rest its defense.” It was held that as there was evidence from which the jury could have found that both parties were in the exercise of ordinary care, and that the injury was the result of an accident, it was error for the court, when in its charge it undertook to enumerate the various grounds ■of defense which the defendant could set up to relieve itself from the statutory presumption of negligence arising from proof of the injury by the running of its cars, to omit from such enumeration the ground of defense that the injury was the result of a casualty. In the opinion it was said: “When under the evidence there are four ways in which the company might relieve itself of the presumption raised by the statute, and the judge only charged as to three, it was the equivalent of saying that the fourth method —in this case an accident — would not relieve from the presumption.” The headnote in that case, when considered in connection with what is said in the opinion as to the exact point decided and the reasons therefor, contains nothing which, even by implication, is in conflict with the ruling in the present case.
9. The motion for a nonsuit was properly overruled, the verdict was amply supported by the evidence, and the judge did not err in overruling the motion for a new trial.

Judgment affirmed.

All the Justices concur, except Evans, J., ■■disqualified.