## SAVANNAH ELECTRIC COMPANY v. JACKSON.

1. Where, in a suit against a railway company on account of a personal injury, the charge of the court nowhere informed the jury what were the issues or contentions between the parties, made by the pleadings or evidence, and the charge given consisted almost entirely of abstract principles of law, and they were not so accurately applied to the case

as to render it probable that the jury apprehended what were the issues, or that the omission to instruct them on that subject was harmless, a new trial will be granted.

2. In an action against a railway company to recover damages for a personal injury on account of a negligent tort, the defense declared by the Civil Code, §2322, that no person shall recover damage from a railroad company for injury to himself or his property where the same is caused by his own negligence, and that provided for in section 3830, which states that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover, are not identical; and where the evidence is such as to present both defenses, the charge should include both, even in the absence of a request therefor.

3. Where there was no evidence to show wilfulness, recklessness, and wantonness on the part of the employees of the defendant, the judge should not have referred thereto in his charge.

4. If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired by either party, appropriate requests for that purpose should be made.

(*a*) Where the presiding judge charged that if the defendant was not guilty of negligence causing the injury, the plaintiff could not recover, an omission to charge, without request, that if the injury resulted from accident there could be no recovery, was not such a failure to charge in regard to a distinct substantive defense as will require the grant of a new trial.

(*b*) The case of *Atlanta Railway & Power Co.* v. *Gaston*, 118 *Ga.* 418 (45 S. E. 508), considered and disapproved.

5. Except as above indicated, none of the grounds of the motion for a new trial require a reversal.

Argued January 15,—Decided May 12, 1909.

Action for damages. Before Judge Charlton. Chatham superior court. July 18, 1908.

*Osborne & Lawrence,* for plaintiff in error.

*Oliver & Oliver,* contra.

ATKINSON, J. George Jackson brought suit against the Savannah Electric Railway Company, to recover damages for a personal injury caused by his being struck by a street car of defendant. He alleged, that the car was running at a high, unlawful, and dangerous rate of speed along the public street; that the motorman did not have it under control when he saw the plaintiff, or in the exercise of proper care could have seen him, in time to avoid the collision; and that no bell was rung or signal given of the approach of the car, so that the plaintiff could avoid it. The defendant denied the substantial allegations of the petition, and alleged that if the plaintiff received any injury at all, it was due to his own negligence and want of care in not exercising ordinary

care and diligence for his own safety, and was not due to any negligence or want of care upon the part of the defendant or its servants or agents. The jury found for the plaintiff $150. The defendant moved for a new trial, which was refused, and it excepted.

1. The charge of the court nowhere stated to the jury what were the issues or contentions between the parties. It did not even refer them to the pleadings to ascertain the allegations of the parties, as has sometimes been done. *Central Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *Atlanta Ry. Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191). It made no reference to the pleadings, except that it commenced in these words: "When a railroad company, in the operation of its cars, injures the person of any one, that person is entitled to recover damages, unless the railroad company can show that, in the operation of its cars, its employees were in the exercise of ordinary and reasonable care and diligence, the presumption being against the railroad company—in the event the plaintiff proves his declaration as laid." This could hardly be taken as even referring the jury to the pleadings to ascertain the issues between the parties. The charge consists almost entirely of statements of abstract principles of law, and we can not say that it was sufficiently explicit, in concretely applying the law to the case, to supply the omission of any statement to them as to what were the real contentions between the parties as presented by the pleadings and evidence.

Where the judge informs the jury what the substantial contentions are and gives the law applicable to the case, although it may be somewhat generally stated, if parties desire more specific instructions given to the jury, they should make proper requests therefor. An omission to state in express terms the contentions of the parties may sometimes be cured by such a concrete application of the law to the facts of the case as that the jury would clearly understand the respective positions and the law applicable thereto. But a mere general statement of abstract rules of law will not suffice, in the absence of any statement whatever of the issues arising from the pleadings and evidence. The principle involved in *Atlanta Street Ry. Co.* v. *Hardage,* 93 *Ga.* 457 (21 S. E. 100), is applicable here, although the omission to charge was more evidently erroneous there than in the present case.

2. In the case at bar the evidence for the plaintiff tended to show that he was injured by being struck by a car of the defendant, and that it was negligently operated by the company's servants. On the other hand the evidence for the defendant was to the effect that the plaintiff, while riding a bicycle and endeavoring to avoid a vehicle on the street, ran against the side of the car, thus causing his own injury without any negligence on the part of the defendant's servants. There was also evidence tending to show that the plaintiff, by the use of ordinary care, might have avoided the consequences of the negligence of the defendant's employees, if there was any. Thus it will be seen that there was evidence to support either defense,—that the plaintiff caused the injury by his own negligence, or that he could have avoided the consequences to himself of negligence on the part of the defendant. These two defenses are not identical. Civil Code, §§2322, 3830; *Ga. R. Co.* v. *Thomas,* 68 *Ga.* 744. And where the evidence is such as to present both defenses, the charge should include both, even though no request be made therefor. *Central R. Co.* v. *Harris,* 76 *Ga.* 501. The court omitted in its charge any reference whatever to the defense that the plaintiff caused the injury by his own negligence.

3. The judge charged that "If the defendant was negligent, and the plaintiff did not exercise ordinary care to avoid the consequences of that negligence, unless it was wilful, reckless, and wanton on the part of the defendant, still the plaintiff could not recover." There is no evidence in the record sufficient to show wilfulness, recklessness, and wantonness on the part of the employees of the defendant; and the charge should have omitted any reference thereto, and the presiding judge should not in that connection have used the expressions above quoted.

4. Several of the grounds of the motion for a new trial complained of omissions of the presiding judge to give various charges. Except as above indicated, in so far as proper the principles alleged to be omitted were elaborations of the charge as given; and if the defendant desired such instructions, requests therefor should have been made. If the substantial law covering the issues made by the pleadings and evidence is given, and more specific instructions are desired by either party, they should prefer timely requests for that purpose.

One ground of the motion for a new trial complains that the

judge did not charge the jury that if the injury was the result of an accident, there could be no recovery by the plaintiff. He did charge that if the defendant was not guilty of negligence causing the injury, the plaintiff could not recover. The case of *Atlanta Ry. & Power Co.* v. *Gaston,* 118 *Ga.* 418 (45 S. E. 508), was relied on by counsel for plaintiff in error in this connection. The decision in that case was concurred in by five Justices, and not by the entire bench; so that it is not binding authority until reviewed, under the statute. We do not approve the reasoning there set out. An accident, as the term is used in connection with cases of this character, means an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. That the defendant itself is free from fault furnishes it a defense, not that the plaintiff is faultless. Where the judge instructs the jury that if the defendant has used all ordinary care and diligence there can be no recovery, it can not be said to add a distinct and substantive defense to also prove that the plaintiff is free from fault. A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault. It may be proper to give such a charge, if requested, but being merely elaborative, it does not involve such a distinct defense as to make it error to fail to give it in the absence of a request. The case just cited was considered and differentiated in that of *Wrightsville R. Co.* v. *Gornto,* 129 *Ga.* 204, 213 (58 S. E. 769).

5. Except as above indicated, none of the grounds of the motion for a new trial require a reversal.

　　　　　　*Judgment reversed. All the Justices concur.*