## COMPTON v. SEABOARD AIR-LINE RAILWAY.

A petition brought by the mother of a child, upon whom she was dependent and who contributed to her support, to recover damages of a railroad company for the negligent and tortious death of the child, which showed that the child came to his death in consequence of coming in collision with a team and wagon belonging to a private corporation which had leased a lot belonging to the railroad company near its tracks, stated no cause of action against the railroad company, the lessor of the property upon which the private corporation had erected a warehouse, no act of negligence being charged against the railroad company which contributed to the death of the plaintiff's child, and no causal connection appearing between the act of the railroad company, in leasing the lot of land to the private corporation which conducted a grocery business in a warehouse erected on the property, and the homicide complained of.

MAY 16, 1916.

Action for damages. Before Judge George. Sumter superior court. June 11, 1915.

*Shipp & Sheppard,* for plaintiff.  *E. A. Hawkins,* for defendant.

BECK, J. Mrs. Verdie Freeman Compton brought a petition against the Seaboard Air-Line Railway for the negligent and tortious killing of her seven-year-old son, upon whom she alleged she was dependent and who contributed to her support. She alleged, that the defendant company owned a vacant lot fronting on a given street, which it had acquired under the right of eminent domain, but upon which lot the company had allowed the Moreland Jones Grocery Company to erect a warehouse, and on one edge of the lot had allowed a billboard to be erected; that on the day of the occurrence which resulted in his death the child, while riding on his bicycle, just as he passed the billboard came in collision with a wagon and team belonging to the grocery company; that on account of the billboard obstructing his view, he did not and could not see the team until they were so near together that he could not avoid the collision, and the bicycle ran into the wagon, which threw him down with such violence that he was killed; that his death was due to the negligence of the defendant company, which negligence consisted in permitting the lot referred to to be used for private purposes, and in permitting some one to erect the billboard referred to, and allowing it to be so erected as to obstruct the view of one passing along the street where the child was, and thus to prevent his seeing a wagon approaching from the rear of the grocery company's warehouse.

This petition, while relying upon the negligence of the railroad company for recovery, shows no negligence upon the part of that company at all. And even if the defendant had no authority to allow the erection of a warehouse upon the lot referred to and the erection of the billboard as described, there was no causal connection between this act of the company and the death of the petitioner's child. The case of petitioner is predicated upon negligence, and no negligence whatever, either on the part of the driver of the wagon belonging to the grocery company or upon the part of any employee of the railroad company, is made to appear or is even suggested. The court sustained a general demurrer to the petition, and there was no error in so doing.

*Judgment affirmed. All the Justices concur.*