20116, 20155.   LUXENBURG *et al. v.* AYCOCK, guardian; and *vice versa.*

DECIDED AUGUST 29, 1930.

*Alston, Alston, Foster & Moise,* for plaintiffs in error.
*Houston White* and *E. M. Pearce,* contra.

BELL, J. (After stating the foregoing facts.) We think the court should have sustained the demurrer in whole, instead of sustaining it in part and overruling it in part. In other words, our opinion is that the petition failed in any count to set forth a cause

of action. The petition alleged in certain counts that the acts of the defendants amounted, under the circumstances, to wilful and wanton misconduct, while in other counts it was averred on the same state of facts that the defendants were guilty of gross negligence; but in the view which we take of the case it is unnecessary to determine whether the alleged fault of these defendants could be rightly characterized either as wilful or wanton misconduct, or as gross negligence. Nor do we find occasion to make a distinction between the two classes of counts as respects the kind or degree of the fault ascribed to the defendants. True, this court is committed to the doctrine that a gratuitous host is not liable for injury to his automobile guest, in the absence of wantonness or gross negligence of his part (*Epps* v. *Parrish,* 26 *Ga. App.* 399, 106 S. E. 297; *Harris* v. *Reid,* 30 *Ga. App.* 187, 117 S. E. 256; *Peavy* v. *Peavy,* 36 *Ga. App.* 202, 136 S. E. 96; *Hall* v. *Slaton,* 40 *Ga. App.* 288 (2), 149 S. E. 306); but, according to our view, liability should be denied in the present case upon another principle, the *application* of which renders unnecessary any inquiry as to the quality of the acts and omissions of the defendants. We refer to the matter of causation and are speaking, of course, only of the case as pleaded against the Luxenburgs.

It is immaterial what was the kind or degree of the defendants' fault, or their states of mind, if their acts and omissions did not contribute to the injury; and the petition fails to show that the plaintiff's injury was caused by anything which the defendants, or either of them, did or failed to do. The case against Mr. Luxenburg was not stronger than that against his wife; and as to her the sole complaint is that she essayed to drive the automobile despite her inexperience and incompetency, and this, too, on a holiday, when the traffic, as she knew, would be dense, and that she continued driving notwithstanding two "narrow escapes" on the same trip, resulting from her lack of skill, one in which she almost went off the road to the left, and the other in which she ran too far to the right, in passing automobiles. To refer inversely to these circumstances, the fact that Mrs. Luxenburg had poorly maneuvered the automobile in two instances, a short time before, might have been illustrative of other negligence or lack of control, if any, at the time of the accident, but could not serve to render her liable where she did not fail to handle the car in a proper manner at and after it was

struck by the car of Bateman. The petition does not charge any improper manipulation of the automobile at or after that event, and such is not claimed in the brief of counsel for the plaintiff. On the other hand, the brief says: "We did not pick out any element of the conduct of our opponents after they were struck, and allege that particular item as negligence. For instance, we did not allege that Mrs. Luxenburg's failure to pull the car back in the road in less than 50 feet was negligence. Nor did we allege to be negligence her failure to right the car once she was back in the road. We alleged that her conduct taken as a whole was not that of a reasonable driver under the circumstances, but rather the conduct of an inexperienced and incompetent driver, who had grown indifferent to the probable consequence of her act of driving in such a dangerous situation." The petition alleges no facts to show how thick was the traffic, or that its density or other condition had anything whatever to do with the accident. So far as appears, nothing except the conduct of Bateman affected the driving of Mrs. Luxenburg at the time of the accident or afterwards, and the petition discloses no connection between the condition of the traffic and the conduct of Bateman.

Thus we eliminate everything except the inexperience and incompetency of Mrs. Luxenburg as a driver, and this alone is not a ground of recovery. In 42 C. J. 897-8, it is said: "Ordinary care in the operation of a motor-vehicle requires that a driver or operator shall be physically capable of operating it and shall possess skill and experience sufficient to operate it with reasonable safety. Accordingly, the competency of the driver is a proper matter for consideration on an issue of negligence; and where he has failed, by reason of his incompetency or inexperience, to manage his car in a reasonably prudent and careful manner, he is liable for any resulting injury. Conversely, an automobilist can not recover for an accident to which his own inability to manage his car properly contributed. But, in the absence of any evidence tending to prove negligence of the driver, the mere fact that he was inexperienced is not sufficient to charge him with liability for an accident in which the car was involved." See also, in this connection, *Western & Atlantic R.* v. *Reed,* 35 *Ga. App.* 538 (4) 544 (134 S. E. 134); *Farmer* v. *Georgia Power Co.,* 39 *Ga. App.* 61 (2) (146 S. E. 40). But counsel for the plaintiff say, in effect, that the various circum-

stances stated in the petition tended to indicate such states of mind on the part of the defendants that a jury could have found that they were guilty either of gross negligence or of wilful and wanton misconduct; and thus that each count of the petition should have been held good as against the demurrer. As we have already pointed out, the defendants could not be subjected to liability merely because of their mental attitudes, however indifferent or reprehensible these may have been. The specific facts alleged contradict, and therefore oust, the conclusions of the pleader with regard to the cause of the injury.

The petition as a whole shows affirmatively that the acts and omissions of Mr. and Mrs. Luxenburg were not a proximate cause of the plaintiff's injuries; and therefore the court should have sustained the demurrer and dismissed the petition in its entirety. *Ayers* v. *Louisville & Nashville R. Co.*, 5 *Ga. App.* 454 (63 S. E. 530); *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (2) (70 S. E. 203); *Southern Ry. Co.* v. *Barber*, 12 *Ga. App.* 286 (77 S. E. 172); *Southern Ry. Co.* v. *Pair*, 32 *Ga. App.* 378 (123 S. E. 142); *Arlope* v. *Central of Ga. Ry. Co.*, 38 *Ga. App.* 91 (143 S. E. 127); *Morrison* v. *Columbus Transportation Co.*, 39 *Ga. App.* 708 (148 S. E. 276); *Compton* v. *Seaboard Air-Line Ry.*, 145 *Ga.* 255 (88 S. E. 988); 1 Shearman & Redfield on Negligence (6th ed.), 46, § 25; 45 C. J. 901. This is not a case of the concurring negligence of several, nor is it proper to speak of the negligence of Bateman as an intervening agency. Cf. *Andrews* v. *Kinsel*, 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25). On the other hand, the petition disclosed no active negligence whatever on the part of the Luxenburgs at the time of the impact of the cars, and thus none with which the negligence of Bateman could have concurred or which it even could have intercepted or insulated. So far as appears, the improper handling of the Luxenburg car was past and over with, and the negligence of Bateman was the only original or continuing casual force which operated to produce the injury.

Of the two bills of exceptions in this case the first was sued out by the defendants. This is unquestionably a main bill. The bill of exceptions thereafter tendered and certified for the plaintiff is termed a cross-bill; but, in view of its form and contents and the time within which it was brought, that bill might perhaps also be treated as a main bill, provided it contains no other fatal infirmity.

*Wright* v. *Central of Ga. Ry. Co.*, 36 *Ga. App.* 382, 385 (137 S. E. 93). There arises in the mind of the writer a question as to whether the plaintiff could except directly to such a judgment as was rendered, either by a cross-bill or by a main bill; but since as to this bill a judgment of affirmance will have the same practical effect as a judgment of dismissal, we will dispose of it accordingly, without deciding the question of practice, nothing having been said by counsel on either side with reference to such question. See, in this connection, *Trust Co. of Ga.* v. *Mobley,* 40 *Ga. App.* 468 (4) (150 S. E. 169), and cit.

*Judgment in No. 20116 reversed; in No. 20155 affirmed. Jenkins, P. J., and Stephens, J., concur.*