19079. SHOCKEY *v.* BAKER *et al.*

DECIDED NOVEMBER 15, 1955—REHEARING DENIED NOVEMBER 29, 1955.

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*Barrett & Hayes, Edgar A. Neely, Marshall, Greene & Neely, Ferdinand Buckley,* contra.

ALMAND, Justice. Albert James Shockey filed suit against Mrs. Frank W. Baker and Frank W. Baker, to recover damages for personal injuries, alleged to have been sustained by the negligent operation of an automobile by Mrs. Baker. The grounds of negligence alleged were: 1. In operating said automobile at a reckless and dangerous rate of speed. 2. In failing to keep a lookout ahead in the direction in which she was driving. 3. In failing to have the car under immediate control. 4. In failing to apply the brakes of the car in sufficient time to avoid hitting and striking the plaintiff. 5. In failing to bring the automobile to a stop prior to colliding with and striking the plaintiff. 6. In operating said automobile across the left lane, or east lane, of Roswell Road, and off onto the dirt on the east side of Roswell Road and colliding with the plaintiff, as hereinbefore described. 7. In applying the brakes of said automobile in such manner as to cause the same to go out of control of the defendant Mrs. Baker. 8. In failing to hold onto the steering wheel of the car to retain control of the same. 9. In failing to operate the said automobile in the right-hand side lane, or west lane, of Roswell Road in the

direction she was proceeding. 10. In failing to give any warning to the plaintiff prior to striking and injuring him. ·

On the trial, at the conclusion of the evidence, the motion of the defendants for a directed verdict was denied. The jury returned a verdict in favor of the plaintiff, and thereafter the defendants filed their separate motions for a ·judgment notwithstanding the verdict, which motions were denied as was the motion of the defendants for a new trial. The Court of Appeals, on review, reversed the judgments denying the defendants' motions for a judgment notwithstanding the verdict. *Baker* v. *Shockey,* 92 *Ga. App.* 443 (88 S. E. 2d 741). The application of the plaintiff for a writ of certiorari to this court was granted.

■ The defendants in certiorari filed a motion to dismiss the application as having been improvidently granted, and because the petition violates rule 45 of this court, in that it contains argument and citation of authority. At the time we granted the petition for certiorari, we considered these matters, and determined that the cause was one which should be reviewed by this court, and that the petition complied with our rules. Upon consideration of the motion to dismiss, we are further confirmed that there is no merit in the motion to dismiss, and it is denied.

■ The petition for certiorari asserts that the Court of Appeals erred in applying the rule of practice and procedure adopted by this court and confirmed by the General Assembly—which rule provides that, where parties move for the direction of a verdict, which motion had been denied, in the event of an adverse verdict such moving party may move for a judgment notwithstanding the verdict (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444; Code, Ann. Supp., § 110-113)—on the ground that such rule violates stated sections of the State and Federal Constitutions. It appears from the record that this question was first raised by the petitioner in his motion for a rehearing in the Court of Appeals. Such question could and should have been raised in the trial court at the time the provisions of said rule were invoked by the defendants, and cannot be raised for the first time in the Court of Appeals or in this court.

In this ruling, no intimation is to be drawn that, if the question had been properly raised, it would have been meritorious.

■ The rule adopted by this court and approved by the Gen-

eral Assembly, providing for the making of a motion for a judgment notwithstanding the verdict, does not in any manner change Code § 110-104 or its application as determined under prior decisions of this court. Prior to the adoption of this rule, one could not assign error on the denial of his motion for a directed verdict, and such is still true; under this rule, where a party moves for a directed verdict, which motion is denied, such party, by making a motion for a judgment notwithstanding the verdict, where such motion is denied, can have reviewed the question of whether or not a judgment notwithstanding the verdict should be entered. The rulings of this court and of the Court of Appeals that, where there is any material conflict in the evidence, and where all the evidence introduced, with all reasonable deductions and inferences therefrom, does not demand a particular verdict, it is error to direct a verdict, although the evidence may preponderate strongly in favor of the party in whose favor a verdict was directed (*Culver* v. *J. S. Wood,* 138 *Ga.* 60, 74 S. E. 790; *Wood* v. *Bellamy,* 154 *Ga.* 431, 114 S. E. 579; *Peek* v. *Baker,* 76 *Ga. App.* 588, 593, 46 S. E. 2d 751), were not altered by the 1953 rule. *Echols* v. *Thompson,* 211 *Ga.* 299, 302 (85 S. E. 2d 423). Though the ruling of a trial court denying a motion for a judgment notwithstanding the verdict may be reviewed by the appellate courts, and, if sustained, direction shall be given that a verdict be entered in accordance with the motion, the provisions of Code § 110-104 control the appellate court as well as the trial judge, as to the circumstances under which the verdict may be directed.

■ The Court of Appeals held that, "Since the evidence did not authorize a verdict for the plaintiff, the court erred in overruling the defendants' motion for a judgment notwithstanding the verdict." In its opinion, the court stated that the only evidence as to the speed of Mrs. Baker's automobile, other than that of herself and her son that she was driving about 25 miles an hour, was the testimony of the plaintiff that he first saw Mrs. Baker's automobile just as it crashed through the fence about 10 or 15 feet away, and in his opinion, observing the speed of her car, she was traveling 50 miles per hour, and that "Such observation was insufficient for the plaintiff to base his conclusion on and his testimony furnished no basis on which a jury could find the automobile's speed." The court, in commenting on the plain-

tiff's testimony that, shortly after the accident, Mrs. Baker told him that when her automobile began skidding she took her hands from the steering wheel and grabbed her two-year-old daughter, who was òn the front seat, to protect her, held that this did not constitute negligence on the part of Mrs. Baker, in that "a person faced with an emergency or imminent peril is not held to the same degree of care to which he would be held if he were acting without the compulsion of the emergency. . . There is nothing in the evidence to show that Mrs. Baker's position of peril, and that of her two-year-old daughter, was caused by her own negligence." The plaintiff assigns error on these rulings.

The evidence in the record shows that, on February 27, 1952, about 8:30 a. m., the plaintiff, while driving south on Roswell Road, approximately 30 feet in width, in Fulton County, at a rate of speed of about 45 miles per hour, ran into a strip of the road covered by ice, and skidded across the left side of the highway over a curb, striking and knocking down a wooden fence, thence down a ravine where the car turned over. He got out of the car and came back to within 10 feet of the highway, and while standing back of the fence, the defendant Mrs. Baker, while driving an automobile, apparently hit the same spot in the road covered by ice, and her automobile traveled across the left side of the highway across a curb, knocking down a section of wooden fence, and struck the plaintiff, knocking him 35 or 40 feet, and her car traveled down the incline until it struck a tree about 10 inches in diameter, bending the same at a slight angle. In this accident, the plaintiff sustained injuries to the vertebrae in his back and to his hip, as well as other contusions and abrasions on his body. The defendant, Mrs. Baker, and her child riding with her in the front seat also sustained severe injuries.

The plaintiff testified that he first saw the car Mrs. Baker was driving when it was about 10 feet away before it struck him, and "it looked like it was going at least 50 miles an hour." Mrs. Baker and her son testified that she was not going in excess of 25 miles an hour. The plaintiff testified that, shortly after the accident, he was taken to the Henry Grady Hospital, where Mrs. Baker was also taken, and while he was lying on a stretcher 2 or 3 feet from Mrs. Baker he had a conversation with her, and she stated to him that, "when her car started skidding, this little child was

standing on the front seat, and when the car started skidding she let go of the steering wheel and grabbed for the child that was standing." Mrs. Baker denied that she had any such conversation with the plaintiff.

Although evidence may be entirely circumstantial as to the rate of speed of an automobile, it may be sufficient to support a reasonable conclusion reached by the jury on the issue of negligence. Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed. 10 Blashfield, Cyc. of Automobile Law and Prac. (Perm. ed.), § 6560; Lonasco v. Veill, 158 Pa. Sup. 456 (45 Atl. 2d 417); Kins v. Deere, 359 Pa. 106 (58 Atl. 2d 335); Bozman v. State, 177 Md. 151 (9 Atl. 2d 60); Hawkins v. Burton, 225 Iowa 707 (281 N. W. 342); Vercruysse v. Cascade Laundry Co., 193 Wash. 184 (74 Pac. 2d 920); Graham v. Roderick, 32 Wash. 2d 427 (202 Pac. 2d 253, 6 A. L. R. 2d 1237). "The speed at which an automobile is being operated may, like any other fact, be established by circumstantial evidence. The fact that an automobile, which ran off a bridge, broke through and tore down upright timbers which were consecutively placed on the side of the bridge at certain distances one from the other, the effect which the automobile had upon these timbers and the location of the automobile after it fell off the bridge are circumstances which would indicate the speed at which the automobile was traveling when it hit the upright timbers and ran off the bridge." *Hall* v. *Slaton*, 38 *Ga. App.* 619 (3) (144 S. E. 827). In *Western & Atlantic R.* v. *Thompson*, 38 *Ga. App.* 599 (1) (144 S. E. 831), it was held that a witness may give his opinion as to the speed of a railroad train "when his opinion was based upon his experience in being knocked down and run over by the train, and he formed this opinion from 'the way they struck' him and from the distance the train ran after striking him before stopping, although he did not see the train before it struck him."

Whether the act of the defendant Mrs. Baker, under the admission that the plaintiff testified she made to him as to her taking her hands off the steering wheel of the automobile, was the

result of an emergency situation which would excuse her from being charged with negligence, was a question of fact and one for the jury. See *Economy Gas &c. Co.* v. *Kinslow,* 74 *Ga. App.* 418 (39 S. E. 2d 899); *Doyle* v. *Dyer,* 77 *Ga. App.* 266 (48 S. E. 2d 488).

The plaintiff in his petition not only alleged negligence on the part of Mrs. Baker as to driving the automobile at a reckless and dangerous rate of speed, but charged her with failing to have the car under immediate control, in failing to hold onto the steering wheel of the automobile to retain control of the same, and in failing to bring the automobile to a stop prior to colliding with and striking the plaintiff. There is some evidence in the record to support one or more of these allegations of negligence, and though on these issues the evidence was in conflict, such issues of fact were for the jury, and it cannot be said that the evidence demanded a verdict in favor of the defendants on all of these issues.

It follows from what has been said that it was not error for the trial court to deny the defendants' motions for a judgment notwithstanding the verdict, but that it was error for the Court of Appeals to reverse such judgment.

*Judgment reversed. All the Justices concur.*