36671. CONKLIN, by Guardian *v.* JONES, by Next Friend.

678

Decided May 7, 1957.

*Dudley Cook*, for plaintiff in error.

*Douglas Dennis, Nall, Sterne, Miller, Cadenhead & Dennis,* contra.

CARLISLE, J. The plaintiff charged the driver of the Roadway Express truck with some ten acts of negligence, all as set forth in paragraph 20 of her petition. The acts of negligence charged against the defendant Conklin in paragraph 21 of her petition are not sufficient to charge gross negligence against the defendant Conklin, as one of her grounds of negligence is that the defendant Conklin failed to apply the brakes on said automobile in sufficient time to stop the same before it collided with the tractor-trailer of the defendant Roadway Express, and, yet, in paragraph 15 of her allegations against the defendant Roadway Express, she charged that "the defendant Roadway Express truck cut over to the left of the center line in the direction from which said truck was headed. Defendant Conklin applied the brakes to the automobile, but, nevertheless, a collision ensued and the left-hand side of the tractor-trailer and the left front side of the automobile collided with terrific force and impact." Therefore, paragraph 15, construed with the rest of the plaintiff's petition against the Roadway Express truck, clearly shows that the defendant Conklin applied his brakes as soon as he possibly could after the Roadway Express truck suddenly pulled in front of him on a two-lane highway. This ground of negligence, as alleged in paragraph 21 against the defendant Conklin, certainly does not allege facts sufficient to show that Conklin was guilty of gross negligence.

The plaintiff's allegation in subparagraph (a) of paragraph 21 was that the defendant Conklin entered Northside Drive from Peachtree Battle Avenue at the rapid and reckless rate of speed of 30 to 35 miles per hour, but it fails to state any facts on which she claims that that rate of speed would be negligence and gave no facts whatever in connection with the the allegation of the speed to show that same was gross negligence. The

collision itself occurred north of the intersection, and, therefore, the speed at which he entered the intersection before the collision occurred north of the intersection, is certainly not sufficient to show that the defendant Conklin was guilty of gross negligence which contributed in any way to the collision.

The plaintiff also charges that the defendant Conklin was grossly negligent in failing to turn his automobile to the right so as to avoid colliding with the tractor-trailer of defendant Roadway Express without pleading any facts showing that he could have turned to the right, as the plaintiff had already alleged that it was a two-way roadway and that the tractor-trailer of defendant Roadway Express in passing another truck suddenly turned into the left-hand side of the two-lane highway proceeding south and that the defendant was proceeding north. Therefore, the allegations simply stated that he failed to turn to the right when all the pleaded facts show that he would have had to run off the highway if he had turned to the right, and there are no allegations showing that he could have turned off the highway to the right as the allegations failed to show whether the right-of-way to the right of the traveled portion of the highway was in such condition that he could have turned to the right if he had had time. Therefore, that allegation is certainly not sufficient to show gross negligence of the defendant Conklin.

Construing the pleadings most strongly against the plaintiff, which it is the duty of the court to do when considering a case on general demurrer, it clearly shows from the petition as a whole, both against the Roadway Express and the defendant Conklin, that the sole and proximate cause of the collision was the negligence of the driver of the tractor-trailer of the defendant Roadway Express by suddenly at a speed of at least 25 miles per hour cutting into the roadway across the center line and in front of the car which Conklin was driving and in which the plaintiff was a passenger.

The pleaded facts in the plaintiff's petition clearly show that the defendant Conklin was not guilty of gross negligence, and, consequently, the judge committed error in overruling Conklin's demurrer.

It is true that questions of negligence and diligence, even of

684

gross negligence and slight diligence, usually are matters to be determined by the jury except in plain and indisputable cases in which the court may solve the question as a matter of law. There could be many decisions cited in regard to the different phases of this case, but the facts in each case must be decided and construed in accordance with the allegations of the particular case then before the court. The pleading in this case failed to allege any facts which show that the defendant Conklin was guilty of gross negligence. While the facts in the cases hereinafter cited are somewhat different from the present case, nevertheless, they are cited on the theory that when the petition fails to set forth facts sufficient to show gross negligence the court should so decide as a matter of law. We cite *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96); *Luxenburg* v. *Aycock*, 41 *Ga. App.* 722 (154 S. E. 460); *Young* v. *Truitt*, 93 *Ga. App.* 143 (91 S. E. 2d 115).

The trial court erred in overruling the general demurrer of the defendant Conklin.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*