### 20217. BUTLER *v.* THOMPSON.

CANDLER, Justice. In this litigation the plaintiff alleged that she was the owner of a described tract of land in Putnam County. She prayed for an injunction to stop the defendant from cutting and removing timber from it and to prevent future timber cuttings by him. By his answer, the defendant admitted that he had cut and removed certain timber from a portion of the described premises, but averred that it was cut and removed from land owned by his mother, Mrs. Roy Butler, which adjoins the plaintiff's land. The real issue in the case is the correct location of the boundary line between the land of the plaintiff and the adjacent land of Mrs. Roy Butler. On the trial and after both parties had introduced their evidence, the defendant moved for a directed verdict in his favor. His motion was denied and the boundary line issue was submitted to a jury. The jury was unable to reach a verdict and a mistrial was declared. In due time, the defendant moved for a final judgment in accordance with his motion for a directed verdict, and the exception is to an order denying his motion. *Held*:

Since the evidence as to the location of the boundary line involved was in sharp conflict in material respects, and since the jury would have been authorized to have found in favor of the contention of either the plaintiff or the defendant on that issue, it necessarily follows that a verdict for the defend-

ant was not demanded. Hence, the trial judge did not err in denying the defendant's motion for a final judgment. See Code § 110-103; and *Shockey* v. *Baker,* 212 *Ga.* 106 (90 S. E. 2d 654).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1958—DECIDED OCTOBER 10, 1958.

*Whitman, Whitman & Whitman, R. S. Whitman,* for plaintiff in error.