41234.   LEWIS v. WILSON, by Next Friend.
41235.   LEWIS v. GRANT.

SUBMITTED APRIL 6, 1965—DECIDED APRIL 22, 1965—
REHEARING DENIED MAY 12, 1965.

*W. Colbert Hawkins,* for plaintiff in error.

*Donald E. Austin,* contra.

EBERHARDT, Judge. It is well settled that where a nonresident defendant is joined with a resident defendant in an action presenting no cause of action against the resident defendant, the court has no jurisdiction of the action against the nonresident and a demurrer upon that ground should be sustained. *Richards & Associates, Inc. v. Studstill,* 212 Ga. 375 (93 SE2d 3).

There can be no recovery by a guest against the host driver of an automobile unless it appears that the host was guilty of gross negligence. *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297); *Tucker v. Andrews,* 51 Ga. App. 841, 842 (181 SE 673), and citations.

The first allegation of negligence against him falls far short of it. Neither the intersection nor the entering into it had anything whatever to do with the collision. The host driver was proceeding in the manner in which he had every right to do, entering the intersection when the approaching vehicle was a considerable distance away, and proceeded to drive off the road onto the shoulder and stop before the driver of the pickup truck so lost control of it as to leave the road to the right for 69 feet, and then turn or skid left for 48 feet into the car. The yield sign which faced the host driver as he approached the intersection was not for the benefit of those who traveled in an *opposite direction* along the highway, but for traffic moving in the *same direction* along the intersecting Highway 301. Failure to observe the sign had no causal connection with the accident that later happened at a point beyond the intersection. Nor do we think the allegation that the host driver proceeded into the intersection from a position of relative safety in the face of the advancing pickup truck amounts to an allegation of gross negligence, particularly in view of the other allegations of the petition that upon getting

onto Highway 301 he pulled over, off the paved portion of the road onto the shoulder, stopped, parked the car and there *awaited the passing* of the oncoming vehicle. When the driver has gone to the precaution of getting completely off the road, onto the shoulder, bringing his vehicle to a stop, and awaits the coming of one approaching in what appears to be an unsafe manner it seems to us that he has exercised every care that could be expected of him. Certainly he has committed no act of gross negligence in doing that. See *Stroud v. Doolittle,* 213 Ga. 32 (96 SE2d 876); *Seaboard & Roanoke R. Co. v. Cauthen & Turner,* 115 Ga. 422 (41 SE 653); *Southern R. Co. v. Davis,* 132 Ga. 812 (65 SE 131); *Peavy v. Peavy,* 36 Ga. App. 202 (136 SE 96); *Luxenburg v. Aycock,* 41 Ga. App. 722 (154 SE 460); *Tucker v. Andrews,* 51 Ga. App. 841, supra; and *Conklin v. Jones,* 95 Ga. App. 677 (98 SE2d 638).

Moreover, it is alleged that it was after the host driver had driven off the road and stopped that the driver of the pickup truck, as he approached the parked vehicle, lost control, ran off the road and eventually struck the parked vehicle. Prior to the losing of control it would certainly appear that the parked vehicle was in a safe position.

The petition must be construed against the pleader when considering it on demurrer. *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32). Consequently, it fails to allege any gross negligence on the part of the host driver.

"It is true that questions of negligence and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury except in plain and indisputable cases in which the court may solve the question as a matter of law." *Conklin v. Jones,* 95 Ga. App. 677, 683, supra. We conclude, as did the court in *Conklin,* as well as some of the others cited above, that the petition here fails to allege any facts upon which it could be concluded that the resident defendant, Bryon, was guilty of gross negligence.

The defendants were not joint tortfeasors. It is unnecessary to consider whether the petition set out a cause of action against the nonresident defendant, for the court had no jurisdiciton of the action as to him and should have sustained the demurrers in both cases.

*Judgments reversed. Nichols, P. J., and Pannell, J., concur.*