## 42895. WHISNANT v. WHISNANT.

ARGUED JUNE 6, 1967—DECIDED OCTOBER 6, 1967—
REHEARING DENIED NOVEMBER 1, 1967—

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller,* for appellant.

*Randall Evans, Jr.,* for appellee.

PER CURIAM. ■ One of the controlling questions involved in this case is whether or not the defendant owed the plaintiff the duty to exercise ordinary care.

The status of an invited guest is determined by the intent and purpose of the host at the time of the invitation. In this case it is sought to prove, as it was alleged, that the plaintiff was invited on the trip for the purpose of rendering substantial assistance to the defendant and her husband. There is no evidence to support such a conclusion. The defendant testified positively that such was not the purpose of the invitation. The plaintiff "asked" to be invited because she loved to go on such trips. That the plaintiff incidentally rendered beneficial services by attending to the children on the trips, as against deriving pleasure for herself by attending them, is immaterial. The sole question is what was the purpose and intent of the host in extending the invitation. In this case it was for the sole benefit of the guest. There is certain testimony of the appellant which the appellee contends authorized the finding that one principal purpose of the trip was the rendition of substantial services to the appellant and her husband. The record shows the following questions and answers to and by the plaintiff:

"Q. All right, was that the purpose of your trip in going along with your daughter in her condition and to bring those children back? A. Well, I went because I enjoy going to her mother's and to help with her if she got sick and to help with the children if there was any need to be of any help. Q. And did you and she both agree on this? A. Well, I had asked them when they went to let me go, so I could go with them. Q. And was that the purpose stated to help them did you say? A. Yes, sir. Q. And did she agree on this? A. Yes she was glad for me to go because I always went with them when they went."

Most of the answers to the above questions were ambiguous, evasive and not directly responsive to the questions. Not one time did the plaintiff positively state that she was invited in order to render a substantial benefit. If the "yes" answer to the

last question above can be said to be a definite and positive answer the witness' explanation and basis for the conclusion shows that the "yes" answer was without foundation. Neither the above testimony nor any other shows that the host's invitation was for the purpose of the guest's rendition of substantial services to the host. A party's testimony is to be construed most strongly against him when it is self-contradictory, vague or equivocal. *Southern R. Co. v. Hobbs,* 121 Ga. 428 (1) (49 SE 294); *Atlantic C. L. R. Co. v. Hall,* 114 Ga. App. 538, 539 (1) (151 SE2d 914); *General Motors Acceptance Corp. v. Bearden,* 114 Ga. App. 392, 394 (151 SE2d 517). The evidence demanded the finding that the defendant owed the plaintiff the duty to exercise slight care for her safety. ·

The trial court erred in charging the jury on the issue of the defendant's failure to exercise ordinary care.

■ Did the evidence demand a finding that the defendant was not guilty of gross negligence? We are of the opinion that it did not. Whether the defendant's actions of throwing up her hands and screaming when confronted with an approaching truck in her line of traffic was the result of an emergency situation and excused her from being charged with gross negligence, was a question of fact and one for the jury. *Shockey v. Baker,* 212 Ga. 106, 110-111 (90 SE2d 654); *Fetzer v. Rampley,* 81 Ga. App. 806, 809 (60 SE2d 184); *Ware v. Alston,* 112 Ga. App. 627, 630 (145 SE2d 721); *Young v. Tate,* 112 Ga. App. 603, 606 (145 SE2d 747). This court cannot hold as a matter of law that the defendant's actions of throwing up her hands screaming demanded a finding that she exercised slight care.

*Judgment reversed for the reasons stated in Division 1. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., and Eberhardt, J., concur in Division 1 and dissent from Division 2.*

Felton, Chief Judge, concurring in part and dissenting in part.

■ I concur in the rulings in Division 1 of the majority opinion and in the judgment reversing the overruling of the motion for a new trial.

■ I dissent from Division 2 of the majority opinion and from the judgment of the majority affirming the denial of the

defendant's motion for a judgment n.o.v. The cases cited by the majority in Division 2 are not applicable in this case. They all involve ordinary negligence and most if not all involve facts which would authorize a finding that the defendant claiming shelter on the emergency doctrine was himself the "author" of the emergency. Nearly all of them were decided on the pleadings. The courts have gone too far, in my opinion, in leaving the question of whether there was gross negligence to a jury. In so doing they have disarmed the appellate courts and deprived them of their function to safeguard litigants from unjust, unreasonable and unsupported verdicts.

In *Shockey v. Baker,* 212 Ga. 106, cited by the majority, the evidence held sufficient by the Supreme Court was sufficient to authorize the finding that because of the speed at which she was driving on the highway, the defendant, Mrs. Shockey, was the cause of the emergency and of course in such a case she could not obtain the advantage of the doctrine. The emergency in the instant case as a matter of law under the evidence was not caused by the negligence of the defendant. (b) The evidence did not authorize a finding that the defendant was guilty of gross negligence. First, the doctrine of the last clear chance does not apply to a situation such as existed in this case, the fact of a sudden emergency, due solely to the negligence of a third party, which placed both the plaintiff and defendant in a position of dire peril. *Napier v. DuBose,* 45 Ga. App. 661 (165 SE 773). While that opinion deals with a case where ordinary care was owed it states the principle controlling the question whether the doctrine is applicable in cases of sudden emergencies not due to the defendant's negligence.

The evidence did not authorize a finding that the defendant was guilty of gross negligence, because the circumstances of this case show such an emergency as to excuse the exercise of conscious slight care because of the suddenness and nature of the emergency and because the consequent necessity of an instantaneous judgment and decision as to defensive action caused the loss of "presence of mind" on the part of the defendant. *Ware v. Alston,* 112 Ga. App. 627 (145 SE2d 721). In this case, as stated in the petition, a Pepsi Cola truck attempted to pass

two trucks, got in defendant's lane of traffic and continued to drive toward defendant in her lane of traffic. The defendant slowed down to some degree, had a two-foot shoulder to her right, plus a ditch and a utility pole, couldn't make up her mind what to do and threw up her hands and screamed, whereupon her husband, who was dozing on the front seat, grabbed the steering wheel and pulled the car off the road, into the ditch and into the utility pole. "In Anderson v. Olson [106 Vt. 70], 169 Atl. 781, it was held: 'Automobile driver's mere error in judgment, momentary inattention, or loss of presence of mind, does not indicate such indifference to duty owed guests or forgetfulness of latter's safety as to authorize guest's recovery for the resulting injuries on the ground of gross negligence.'" *Tucker v. Andrews,* 51 Ga. App. 841, 845 (181 SE 673). "'Anything which operates to deprive a person of ability to exercise his intellectual powers and guide his acts thereby will relieve him of an imputation of negligence that otherwise might arise from his conduct. Emergencies or sudden perils illustrate this proposition. *The rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.'* *Bryant v. Georgia R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Pollard v. Weeks,* 60 Ga. App. 664, 672 (4 SE2d 722)." (Emphasis supplied.) *Ware v. Alston,* 112 Ga. App. 627, supra, p. 629; 47 ALR2d 119. Although whether certain specified conduct amounts to gross negligence is a question for the determination of the jury where the conduct is such that different minds might *reasonably* draw different conclusions therefrom, where such conduct is susceptible of but one inference— that it is not gross negligence—and reasonable minds could draw only such inference therefrom, then the absence of gross negligence is a question of law for the determination of the court. *Arrington v. Trammell,* 83 Ga. App. 107, 113 (62 SE2d 451); *Conklin v. Jones,* 95 Ga. App. 677, 683 (98 SE2d 638); *Tatum v. Pruitt,* 107 Ga. App. 172 (129 SE2d 388); *Lewis v. Wilson,* 111 Ga. App. 666, 670 (142 SE2d 852); *Meeks v. Johnson,* 112 Ga. App. 760 (146 SE2d 121); 8 AmJur2d 54, Automobiles and Highway Traffic, § 486.

In my judgment the defendant in this case was in the same position as if she had fainted in response to the emergency. It is unthinkable to me that she should be held to have been grossly negligent, or even guilty of ordinary negligence. A person shocked out of presence of mind does not have enough mind left to be guilty of any negligence, must less gross.

In *Tidwell v. Tidwell*, 92 Ga. App. 54 (87 SE2d 657) this court approved the following definition of gross negligence: "Gross negligence is equivalent to failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty *of an aggravated character* as distinguished from a mere failure to exercise ordinary care. It is very great negligence or the absence of slight diligence, or the want of even scant care." (Emphasis supplied.) As was stated in a brief in a case not yet argued in this court: *"It is not the reaction of a startled woman in an emergency situation,"* one which she did not create. For other cases holding as a matter of law that the evidence did not authorize a finding of gross negligence see: *Harris v. Reid,* 30 Ga. App. 187 (117 SE 256) ; *Edwards v. Ford,* 69 Ga. App. 578 (26 SE2d 306) ; Helms v. Leonard, 170 FSupp. 143.

Judge Eberhardt concurs in the foregoing special concurrence and dissent.