43138. FRENCH v. STEPHENS, by Next Friend.

ARGUED OCTOBER 3, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 20, 1967—CERT. 

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Robert W. Beynart, Sam F. Lowe, Jr., for appellant.

Henritze, Baker & Bailey, Walter M. Henritze, Jr., for appellee.

HALL, Judge. 1. Did the evidence demand a finding that the driver of the automobile was not guilty of gross negligence? We are of the opinion that it did not and that this case is controlled by Shockey v. Baker, 212 Ga. 106 (90 SE2d 654); Atlantic C. L. R. Co. v. Daniels, 8 Ga. App. 775, 782 (70 SE 203); Simpson v. Brand, 108 Ga. App. 393, 396-399 (133 SE2d 393); Smith v. Glenn, 115 Ga. App. 527 (154 SE2d 777); Whisnant v. Whisnant, 116 Ga. App. 598 (158 SE2d 693). The Whisnant case was decided by this court only two months ago with two judges dissenting. It held that "whether or not the defendant [driver] was guilty of gross negligence in throwing up her hands and screaming when confronted with an approaching truck in her line of traffic was a question for the jury." Hn. 2. In Shockey v. Baker, supra, the lady driver stated that when her car started skidding, a little child was standing in the front seat and the driver let go of the steering wheel and grabbed the child. The Supreme Court held that a question of fact for the jury was presented.

The cases of Tucker v. Andrews, 51 Ga. App. 841 (181 SE 673), and Edwards v. Ford, 69 Ga. App. 578 (26 SE2d 306), cited by the appellants, are contrary to the ruling of the Supreme Court in Shockey v. Baker, supra, and Judge Powell's opinion in Atlantic C. L. R. Co. v. Daniels, 8 Ga. App. 775, 782, supra, and must yield accordingly. As Judge Powell says: "We recognize the principle that if a man has been robbed of his power of judgment by some act not within his control, his resulting lack of judgment becomes a part of the circumstances to be considered; it is in accordance with the rule we have stated, to compare his conduct with the conduct of an ordinarily prudent

man *under similar circumstances.* In the normal course of human activities, which we have in mind as being the noncausal medium through which negligence may effectively operate, sickness, insanity, and other personal infirmities, both mental and physical, have a place. So, if we are testing the conduct of a particular sick man, the question is, how would the standard prudent man have acted if he had been sick just as the person in question was; the test proceeds along similar lines when the conduct of an insane, an infirm, or a frightened person is to be considered. It is true that in the case of a frightened person we have the preliminary question as to whether an ordinarily prudent person would have become so frightened as the particular person was under the circumstances; for we think that it is the part of prudence not to allow one's self to become unduly frightened at causes normally insufficient to produce such an effect. The issue thus made as to what an ordinarily prudent man would have done if he had been circumstanced as the plaintiff was—frightened out of his senses, as he says he was and as the demurrer admits he was—is one that we as judges have no right to decide. It is a matter as to which fair and intelligent minds may easily differ, and is a question of fact. Such questions are for the jury to decide."

The trial court did not err in overruling the defendant's motion for judgment non obstante veredicto or the motion for new trial, or the defendant's motion to dismiss.

2. The defendant enumerates as error the court's refusal to instruct the jury in accordance with her written request on the law relating to the judgment and duty of care required of the driver of an automobile when confronted with a sudden emergency. The requested instructions on this subject were incomplete and imperfect. *Munday v. Brissette,* 113 Ga. App. 147, 159 (148 SE2d 55). The trial court did not err in failing to give the requested charges. *Cates v. Harris,* 217 Ga. 801, 802 (125 SE2d 649).

3. The defendant contends that the trial court erred in refusing to instruct the jury as the defendant requested in writing, to the effect that if the occurrence in which the plaintiff was injured happened without any negligence on the part of the

defendant, or on the part of anyone, it would be an accident in law and the plaintiff would not be entitled to recover. The court in its charge defined the term and instructed the jury as to what constitutes gross negligence, and instructed them that unless they found that the defendant was grossly negligent it would be their duty to return a verdict in favor of the defendant; that they would consider only such gross negligence as they found to have been the proximate cause of the plaintiff's injury and damages; and that, if they found gross negligence but found that it did not contribute to the damages, their verdict should be for the defendant. These instructions substantially covered the same principle as that embodied in the defendant's request. "A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Savannah Electric Co. v. Jackson*, 132 Ga. 559, 563 (64 SE 680). In view of the entire charge the omission was harmless to the defendant and was not a ground for new trial. *Hardwick v. Price*, 114 Ga. App. 817, 821 (152 SE2d 905).

4. The defendant enumerates as error the court's instruction on the law which prohibits driving at a speed greater than is reasonable and prudent under all the circumstances, on the ground that speed was not at issue in the case. Though the record shows that this portion of the charge was discussed at the trial when objections to the charge were being made it is not clear that the defendant made the objection which she argues in this court. In any event, there was some evidence that at the time of the collision the car driven by the defendant was moving with speed, which authorized the court to give the charge now complained of.

*Judgment affirmed. Bell, P. J., Pannell, Deen and Whitman, JJ., concur. Whitman, J., concurs specially in Division 3. Felton, C. J., Jordan, P. J., Eberhardt and Quillian, JJ., dissent as to Division 1.*

WHITMAN, Judge, concurring generally and specially. I concur generally in the majority opinion and in the judgment of affirmance, with the exception of Division 3 of the opinion. I concur

specially in the result of Division 3 and in the judgment of affirmance for the reason that in my view neither the pleadings nor the evidence raised any question of accident, the sole issue before the jury as to liability being whether the defendant was or was not guilty of gross negligence. *Everett v. Clegg,* 213 Ga. 168 (97 SE2d 689). See also *Cobb v. Big Apple Supermarket of Columbus,* 106 Ga. App. 790 (128 SE2d 536); *Sheppard v. Sheppard,* 114 Ga. App. 451 (151 SE2d 883).

FELTON, Chief Judge, dissenting. It is indisputably the law of Georgia that a host driver owes to a gratuitous guest no more than a duty to exercise slight care. It is also true that the law of this state is that a child of tender years occupies a gratuitous guest relationship by reason of the consent of his parent or guardian. *Chancey v. Cobb,* 102 Ga. App. 636 (117 SE2d 189). So it is the duty of this court to decide this case on the question whether the evidence authorized a finding of gross negligence on the part of Mrs. French. The finding of gross negligence was not authorized. The conduct of Mrs. French must be considered in two parts, one before Mrs. Stephens screamed and one afterwards. Under several decisions of this court which have not been criticised, modified or overruled the reaction of Mrs. French to the gagging or coughing of the child, Randy, while Mrs. Stephens was holding the five-month old plaintiff in her lap, was not gross negligence. *Tucker v. Andrews,* 51 Ga. App. 841 (181 SE 673); *Harris v. Reid,* 30 Ga. App. 187 (117 SE 256); *Edwards v. Ford,* 69 Ga. App. 578 (26 SE2d 306); *Capers v. Martin,* 54 Ga. App. 555 (188 SE 465). It is quite clear that the first phase of Mrs. French's reaction was due to a *natural and humane instinct.* In the use of this term it was not the intent of the rulings stating the law that the responses to a stimulus in such case necessarily be reflex or spontaneous, or to pin the definition down to a scientific or mathematical formula. It stands to reason that under the circumstances here the conduct of Mrs. French in the first instance was not a violation of a duty to exercise slight care. It will be remembered that Mrs. French reduced speed from 35 to 10 miles per hour. Assuming that Mrs. French's conduct in the first instance was the natural and proximate cause of Mrs. Stephens' screaming, the evidence shows

without dispute that there was some effort by Mrs. French to put on the brakes. The fact that she was not successful does not disprove the fact that the effort she made was not gross negligence. It was not the failure to exercise slight care. The question is whether slight care was sought to be exercised, not whether if it had succeeded, as intended, it would have avoided the injury.

*Atlantic C. L. R. Co. v. Daniels*, 8 Ga. App. 775 (70 SE 203) is not authority contrary to what is here held. Far from a case involving an exception to the general rule in gross negligence cases, as does the instant case (*Capers v. Martin*, supra, (Hn. 4) in which Judge Jenkins for the court stated: "The exception to this general rule . . . is where the failure to look ahead arises from some sudden, natural, human impulse or emergency . . ."), the *Daniels* case involves *ordinary* negligence, as does *Shockey v. Baker*, 212 Ga. 106 (90 SE2d 654), and the alleged actions of the plaintiff in the *Daniels* case were attributed to the fright suffered by Daniels allegedly produced by the *ordinary negligence* of the railroad. In the instant case the driver of the automobile did not cause the choking of the child and she is not charged with *ordinary* negligence. Furthermore, in the *Daniels* case the plaintiff attempted to crank his automobile after the emergency was over and the only question for the jury was whether Daniels was excused from his rash act because he should not be charged with not remembering what he had done in fright caused by the railroad's negligence. See also *Hatcher v. Bray*, 88 Ga. App. 344, 347 (4) (77 SE2d 64) and Judge Worrill's dissent in *McGowan v. Camp*, 87 Ga. App. 671, 674 (75 SE2d 350).

I am authorized to state that Presiding Judge Jordan and Judges Eberhardt and Quillian concur in this dissent.