## 45960. MASON v. ARMSTRONG.

BELL, Chief Judge. This case comes before us on the denial of defendant's motion for summary judgment which was certified for direct appeal.

Plaintiff seeks to recover for the wrongful death of her son arising out of an automobile collision in which the defendant was the operator and the plaintiff's son was a passenger. Defendant, in both his affidavit and deposition, stated that the deceased was drunk at the time of entry into the automobile. Defendant admitted drinking intoxicants but claimed that he had control of all his faculties.

Defendant contends that he is entitled to judgment as a matter of law upon evidence showing that the deceased voluntarily attempted to leave the moving automobile and thus was the author of his own misfortune which bars recovery. Summary judgment should be granted only in those cases where indisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached. *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188). Questions necessitating a decision as to whether a given statement of facts shows that lack of ordinary care for one's own safety which will bar recovery as well as those of comparative negligence are for the jury. *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616). While it is true and undisputed that the evidence shows that the plaintiff in a drunken condition was attempting to exit from a moving vehicle, the evidence also shows that the defendant failed to stop the vehicle. He merely slid to his right, holding on to the steering wheel with one hand while grabbing the deceased's trousers with the other in an attempt to keep him in the moving vehicle. This evidence raises jury questions as to whether the defendant's actions or failure to act were negligent; the degree of negligence; whether the defendant's reactions were or were not affected by alcoholic beverages which he admitted he had consumed in some degree; whether defendant's negligence was the proximate cause of the death; or whether the deceased's own negligence was the sole proximate cause of his death. See *French v. Stephens,* 117 Ga. App. 61

(159 SE2d 484); *Trussell v. Lawrence,* 120 Ga. App. 39 (169 SE2d 611).

*Judgment affirmed. Pannell and Deen, JJ., concur.*
ARGUED FEBRUARY 1, 1971—DECIDED JUNE 22, 1971.

*Landau, Davis & Farkas, Edmund A. Landau, Jr.,* for appellant.

*Burt & Burt, Donald D. Rentz,* for appellee.

*Judgment affirmed. Pannell and Deen, JJ., concur.*
SUBMITTED MARCH 1, 1971—DECIDED JUNE 22, 1971.